[No. 7,142.—Department One.]

## JOSEPH GRAHAM ET UX. v. MARCUS H. OVIATT ET AL.

FORECLOSURE OF MORTGAGE—PARTIES—HOMESTEAD.—G. mortgaged land to S. for five thousand dollars, and afterwards filed a declaration of homestead on the mortgaged property and other property contiguous thereto (the whole property being of the value of sixteen thousand dollars). Under a judgment in an action of foreclosure, subsequently commenced against G. (his wife not being a party), S. purchased the mortgaged premises and received a deed, and G. delivered possession of the premises to him. In an action of ejectment by G. and wife,

Held, That it was clear, upon the face of the declaration of homestead, that it was not intended thereby to assert a title hostile to that held under the mortgage, but one in subordination to it, and that judgment was rightly entered for the defendant.

APPEAL from a judgment for the defendant, and from an order denying a new trial in the Superior Court of Alameda County. CRANE, J.

The findings and an order of judgment were filed in the Third Distict Court, County of Alameda, by McKee, J., but the judgment was rendered in the Superior Court.

*G. F. & William H. Sharp*, for Appellants.

The interest of the wife can not be affected by any judgment against her husband, made after the declaration of homestead, in which she was not made a party. (Civ. Code, § 1242; *Flege* v. *Garvey*, 47 Cal. 371; *McCracken* v. *Harris*, 54 id. 81; *Sullivan* v. *Hendrickson*, id. 258; *Flege* v. *Garvey*, 47 id. 375; Homestead Act, as amended in 1860, Stats. 1860, 311; *Barber* v. *Babel*, 36 Cal. 14.)

*Columbus Bartlett*, for Respondent.

Where the homestead in the declaration includes several lots of land, and the lot on which the residence is situated, equals or exceeds five thousand dollars ($5,000) in value, the homestead claim is void as to all the lots included therein, over and above the one thus occupied as a homestead residence. (*McDonald* v. *Badger*, 23 Cal. 393.) The wife of Joseph Graham was neither a necessary nor proper party to the suit brought by Strobridge to foreclose his mortgage. The husband, as the head of the family, was the proper person to sue. As such, it was his duty to defend the homestead claim. The legal title was in him after as well as before he filed the declaration; the filing of the declaration simply restricted his power of alienation. (*Gee* v. *Moore.* 14 Cal. 472.)

MORRISON, C. J.:

Ejectment to recover a tract of land lying in Alameda County. Plaintiffs claim under a homestead right, and defendants under a mortgage executed by plaintiff, Joseph Graham, and a foreclosure proceeding founded thereon.

It appears, from the findings, as well as from the bill of exceptions in the case, that Graham and his wife were in possession of the land in controversy from the year 1866 down to some time in the year 1875, but in what right they held the possession does not appear from the record.

On the 28th day of May, 1872, the husband (Joseph Graham executed a mortgage upon the property to secure a debt

of five thousand dollars due to J. W. Strobridge, and on the 4th day of November, 1874, the mortgagee (Strobridge) commenced a suit in the Third District Court for the foreclosure of his mortgage. That suit was prosecuted to final judgment, and an order of sale having been issued thereon, the mortgaged premises were sold, and there having been no redemption, a Sheriff's deed was duly executed to the purchaser at such sale. After Strobridge obtained the Sheriff's deed, the plaintiff Joseph Graham voluntarily surrendered the possession of the premises to him, and defendants have succeeded to the title acquired in the manner above stated.

On the 7th day of July, 1874, the plaintiff, Joseph Graham, filed a declaration of homestead on the property in controversy, and also included in his declaration another piece of property lying contiguous to it. In such declaration it is stated that "the aforesaid described premises (those in controversy in this action) are subject to a mortgage held by James H. Strobridge for the sum of five thousand dollars, with three hundred dollars interest thereon."

It is not apparent to us how the declaration of a homestead by Graham in 1874, could override a mortgage upon the land executed by him in 1872; but it is obvious that it was not intended that such should be its effect. The entire property covered by the homestead declaration was of a value far exceeding five thousand dollars—the limit of a homestead claim. We find in the bill of exceptions this statement respecting its value : "The proof shows that the whole of said premises, including the land and buildings at the time of filing said homestead declaration [were], and now are of the value of about sixteen thousand dollars."

We repeat, therefore, that it is clear upon the face of the declaration of homestead that it was not intended thereby to assert a title hostile to that held under the mortgage, but one in subordination to it. The Court below took this view of the case, and, as we think, very properly.

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.