[No. 9018.   In Bank. — December 29, 1886.]

## PHILIP HEFNER, APPELLANT, v. W. L. URTON, RESPONDENT.

MORTGAGE — SUBSEQUENT DECLARATION OF HOMESTEAD — FORECLOSURE — WIFE IS NECESSARY PARTY — WRIT OF ASSISTANCE. — Where a married man executes a mortgage, and thereafter files a declaration of homestead on the mortgaged premises, his wife is a necessary party defendant in an action of foreclosure; if she is not made a party, the purchaser at the foreclosure sale is not entitled to a writ of assistance against the husband.

APPEAL from an order of the Superior Court of Sonoma County refusing a writ of assistance.

The facts are stated in the opinion of the court.

*Henley & Oates*, for Appellant.

*J. T. Campbell*, and *John Goss*, for Respondent.

MYRICK, J. —In January, 1876, the defendant, W. L. Urton, being the owner of certain premises, executed to the plaintiff a promissory note for two thousand dollars, and a mortgage upon the premises to secure the payment of the note, which mortgage was duly recorded. Urton was a married man, residing with his family on the premises. In April, 1876, Urton made and filed for record a declaration of homestead of the premises mortgaged. The note became due in January, 1877, and in February, 1881, an action of foreclosure was commenced, said W. L. Urton being the sole defendant. A decree of foreclosure was made in March, 1881. At the sale under the decree, the plaintiff became the purchaser, and a deed was executed to him. After the execution of the deed, the plaintiff demanded of defendant that he surrender possession. The demand being refused, plaintiff applied to the court for a writ of assistance. This application was denied, on the ground that the wife was

a necessary party to determine the right to a lien upon the homestead. This is the question for consideration on this appeal.

At the time Urton executed the mortgage, he had full power and authority so to do, and a lien was thereby created; and the subsequent declaration of homestead did not impair the lien. (Civ. Code, sec. 1241, subd. 4.) But in endeavoring to enforce that lien, it was necessary to make parties to the foreclosure all persons who had in the mean time succeeded to any of the rights of the mortgagor in the premises. So, also, any person who claimed an interest in the controversy adverse to the plaintiff, or who was a necessary party to a complete settlement of the question involved, should have been made a party. Urton was the owner of the premises when the mortgage was executed; by the declaration of homestead, some portion of his title (just what portion is not necessary now to be determined) passed from him to his wife; he could no longer mortgage or sell unless she joined with him; she had the right of residence thereon with him and the family during their joint lives, with some rights in case she should survive him. She had a right of redemption as his successor in interest. (Code Civ. Proc., sec. 701, subd. 1.) In order to foreclose her interest, and have a complete settlement of the question involved, viz., whether the mortgage was a lien, she was a necessary party. She would have had a right to question the execution or validity of the mortgage; whether it was barred; whether it had been paid.

It will not do to say that the writ was asked for only as to the husband, and that he should not be heard to object; it would be against the policy of the law to aid in separating the family; to remove the husband, leaving the wife on the premises, and subject him to punishment as for a contempt if he should return to visit her or supply her with food.

We agree with the judge of the court below that the

wife was a necessary party to the foreclosure; and as she was not a party, the writ was properly denied.

The case of *Graham* v. *Oviatt*, 58 Cal. 428, is not in conflict with the views herein expressed.

Order affirmed.

SHARPSTEIN, J., and MORRISON, C. J., concurred.

McKINSTRY, J., concurred in the judgment.