[No. 14662.   Department Two. — December 13, 1892.]

MARTHA AUGUSTA WATTS, RESPONDENT, v. HENRY J. GALLAGHER ET AL., APPELLANTS.

HOMESTEAD — SEPARATE PROPERTY OF HUSBAND — RIGHTS OF WIFE. — The filing, by a husband, of a declaration of homestead upon his separate property vests the wife with an interest in the premises of which she cannot be divested by any act of her husband alone, or by any action taken against him alone.

ID. — MORTGAGE PRIOR TO HOMESTEAD CLAIM — FORECLOSURE — PARTIES — DECREE VOID AGAINST WIFE — RIGHT OF POSSESSION. — Where a husband, after having mortgaged premises which were held by him as

nis separate estate, filed a declaration of homestead thereon, his wife is thereby rendered a necessary party defendant to an action to foreclose the mortgage; and a judgment in an action against the husband alone for the foreclosure of the mortgage, directing the sale of the homestead premises, is void as against the wife, and a sale thereunder confers no rights of possession against her.

ID. — EJECTMENT BY WIFE — DEFENSE — NON-PAYMENT OF MORTGAGE — SUBROGATION. — Where the grantee of the purchaser at such foreclosure sale took possession of the land after the sale, it is no defense to an action of ejectment by the wife of the mortgagor that the mortgagor had not paid the mortgage debt, nor that such grantee is subrogated to the rights of the mortgagee, if the mortgage conferred no right of possession upon the mortgagee prior to the expiration of the time for redemption from a valid foreclosure sale.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*James C. Martin, A. M. Rosborough,* and *George M. Shaw,* for Appellants.

The effect of a decree of foreclosure and a sale thereunder is to divest the mortgagor of the legal estate and pass it to the purchaser, and therefore the respondent was not a necessary party unless the legal title or some portion of it was vested in her. (See 3 Pomeroy's Eq. Jur., sec. 1190.) The homestead provision in the constitution recognizes no change in the title. (Const., art. XVII., sec. 1; *Gee* v. *Moore,* 14 Cal. 474.) The statute in force at and subsequent to the time of the husband's declaration creates or recognizes no estate or title in his wife. (Civ. Code, sec. 1265. See also Stats. 1851, p. 296; *Gee* v. *Moore,* 14 Cal. 474; *Bowman* v. *Norton,* 16 Cal. 214; *Brennan* v. *Wallace,* 25 Cal. 114; *McQuade* v. *Whaley,* 31 Cal. 531; *Stewart* v. *Mackay,* 16 Tex. 56; 67 Am. Dec. 609.) The homestead right is the creature of statute, and is not a vested interest. (*Tyrrell* v. *Baldwin,* 78 Cal. 475; *Shoemake* v. *Chalfant,* 47 Cal. 432; *Grupe* v. *Byers,* 73 Cal. 271; *Burkett* v. *Burkett,* 78 Cal. 310; 12 Am. St. Rep. 58; Freeman on Cotenancy, sec. 62.) The homestead statute, providing for the vesting of the premises

in the survivor upon the death of one of the spouses, is a statute of descent and distribution. (*Rich* v. *Tubbs*, 41 Cal. 34; *Herrold* v. *Reen*, 58 Cal. 443; *Levins* v. *Revegno*, 71 Cal. 281; *Tyrrell* v. *Baldwin*, 78 Cal. 475.) There being no survivorship here, there can be no joint tenancy.. (Freeman on Cotenancy, sec. 62.) No part of the legal title being vested in the respondent, the failure to make her a party did not invalidate the decree. (*McDermott* v. *Burke*, 16 Cal. 580; *Simers* v. *Salton*, 3 Denio, 214;. 1. Wood on Landlord and Tenant, 254.) Under the decisions of this court, respondent was not a necessary party to the foreclosure. (*Graham* v. *Oviatt*, 58 Cal. 428;. see 2 Jones on Mortgages, 4th ed., sec. 1423.) The respondent's claim should not be allowed to prevail,. except upon the condition that she pay the mortgage debt. (*Johnston* v. *S. F. Sav. Union*, 75 Cal. 134; 7 Am. St. Rep. 129.) The appellants have a perfect equity, united to the possession, and this is equivalent, for all purposes of defense, to a legal title. (*Morrison* v. *Wilson*, 13 Cal. 494; 73 Am. Dec. 593; *Arguello* v. *Bours*, 67 Cal. 450.)

*Rhodes Borden*, for Respondent.

Under the law of this state, the filing of the declaration of homestead gave the wife such an estate in said premises that she was a necessary party to the foreclosure proceedings. Not being made a party, the proceedings were null and void as to her. (Thompson on Homesteads and Exemptions, sec. 728; see also secs. 513, 517: Jones on Mortgages, sec. 1423, note 3; *Hefner* v. *Urton*, 71 Cal. 479; *Building Ass'n* v. *Chalmers*, 75 Cal. 332; 7 Am. St. Rep. 173; *Revalk* v. *Kraemer*, 8 Cal. 66, 72; 68 Am. Dec. 304; *Van Reynegan* v. *Revalk*, 8 Cal. 75; *Meeks* v. *March*, 9 Cal. 97; *Comstock* v. *Comstock*, 27 Mich. 97.)

*Crittenden Thornton*, and *F. H. Merzbach*, also for Respondent.

A married woman, under the constitution and statutes of this state, can maintain ejectment for her homestead

against any person claiming by, through, or under her husband, or against a trespasser. (*Cook* v. *McChristian*, 4 Cal. 23; *Taylor* v. *Hargous*, 4 Cal. 268; 60 Am. Dec. 606; *Flege* v. *Garvey*, 47 Cal. 371; *Mauldin* v. *Cox*, 67 Cal. 390.) The decree of foreclosure and sale in the action by the mortgagee against the husband, to which respondent was not a party, were ineffectual to convey her right to the homestead. (*Sargent* v. *Wilson*, 5 Cal. 504; *Mabury* v. *Ruiz*, 58 Cal. 14; *Moss* v. *Warner*, 10 Cal. 296; *Revalk* v. *Kraemer*, 8 Cal. 72; 68 Am. Dec. 304; *Kraemer* v. *Revalk*, 8 Cal. 74; *Van Reynegan* v. *Revalk*, 8 Cal. 75; *Cook* v. *Klink*, 8 Cal. 347; *Hefner* v. *Urton*, 71 Cal. 479; *Building Ass'n* v. *Chalmers*, 75 Cal. 332; 7 Am. St. Rep. 173.)

DE HAVEN, J.— This is an action to recover possession of a tract of land, the title to which was, on July 29, 1878, vested in one William A. Watts as his separate property. On that day he executed a mortgage thereon to the Hibernia Savings and Loan Society, to secure his promissory note for fifteen hundred dollars. In September, 1879, the said Watts, who was then and still is the husband of plaintiff, filed a declaration of homestead upon the premises, and thereafter the Hibernia Savings and Loan Society commenced an action against him to foreclose the mortgage referred to, and upon February 5, 1883, obtained judgment in the action directing a sale of the land in controversy to satisfy the same. The plaintiff here was not made a party to that action. Thereafter the land was sold under that decree to the Hibernia Savings and Loan Society, and no redemption from such sale having been made, that corporation received a sheriff's deed therefor.

The defendant Gallagher purchased the land from the Hibernia Savings and Loan Society and of course succeeded to whatever title was vested in his grantor by the foreclosure proceedings, before mentioned. The plaintiff recovered judgment in the court below, and the defendants appeal.

1. There being a valid homestead on the premises at

the date of the commencement of the action to foreclose
the mortgage thereon, the plaintiff here was a necessary
party to that action, and the judgment therein, in so
far as it directed the sale of such homestead premises,
was void as against her. (*Revalk* v. *Kraemer*, 8 Cal. 72;
68 Am. Dec. 304; *Hefner* v. *Urton*, 71 Cal. 479; *Building
Ass'n* v. *Chalmers*, 75 Cal. 332; 7 Am. St. Rep. 173; *Morris* v. *Ward*, 5 Kan. 239.)

The filing of the declaration of homestead gave to the
plaintiff an interest in the premises of which she could
not be divested by any act of her husband alone, or
by any action taken against him alone. As said by
this court in *Hefner* v. *Urton*, 71 Cal. 479: " By the
declaration of homestead, some portion of his title (just
what portion is not necessary now to be determined)
passed from him to his wife; he could no longer mort-
gage or sell unless she joined with him; she had the
right of residence thereon with him and the family dur-
ing their joint lives, with some rights in case she should
survive him. She had a right of redemption as his suc-
cessor in interest. (Code Civ. Proc., sec. 701, subd. 1.)
In order to foreclose her interest and have a complete
settlement of the question involved, viz., whether the
mortgage was a lien, she was a necessary party. She
would have had a right to question the execution or va-
lidity of the mortgage; whether it was barred; whether
it had been paid."

2. The court below found that the note and mortgage
made by plaintiff's husband to the Hibernia Savings
and Loan Society had never been paid or satisfied, in
whole or in part, other than by the sale under the fore-
closure proceedings, and it is claimed by defendants
that the plaintiff should not be allowed to recover in
this action, except upon the condition that she pay the
amount of this note and mortgage. We do not think
the fact that plaintiff's husband has not paid the
amount due upon this note is any defense to this action.
Under that mortgage, the grantor of defendant Gallagher
was not entitled to the possession of the mortgaged prem-

ises until after the expiration of the time for redemption from a sale under a valid foreclosure of the mortgage, and conceding that Gallagher is entitled to be subrogated to all the rights of his grantor, as holder of the mortgage referred to, he is not at this time entitled to withhold from plaintiff the possession of the land in controversy.

3. The evidence was sufficient to justify the finding of the court to the effect that plaintiff's cause of action is not barred by the provisions of section 318 of the Code of Civil Procedure.

Judgment and order affirmed.

Sharpstein, J., and McFarland, J., concurred.

Hearing in Bank denied.