J. B. BRACKETT, Respondent, v. MANUEL BANE-
GAS ET AL., Appellants.

Mortgage—Declaration of Homestead by Mortgagor — Foreclosure
—Wife of Mortgagor a Necessary Party—Void Decree and Sale
—Second Action—Costs.—Where a homestead was declared by the
mortgagor on the mortgaged premises subsequently to the mortgage, the
wife of the mortgagor is a necessary party to the foreclosure, and if she
is not made a party, the decree of sale, and the sale thereunder to the
mortgagee, are void as to the entire security, as against both husband
and wife, and in such case a second action may be brought by the mort-
gagee to adjust the equities of all the parties, and to foreclose the mort-
gage anew, against all necessary parties, but in such second action he
cannot recover the costs of the original action or sale.

Id.—Status of Husband and Wife as to Homestead — Ineffectual
Foreclosure.—The status of the husband and wife as to the homestead
is sui generis; and a foreclosure as to one of the spouses is ineffectual for
any purpose, without the joinder of the other, except in those cases
where the homestead has a value in excess of five thousand dollars.

Id.— Remedy by Motion and Supplemental Bill — Mistakes of Law
and Fact—Lapse of Time for Motion — Laches — Oversight of
Searchers of Records — Relief in Equity.—Courts of equity will
rarely relieve from a mistake of law in regard to the parties in a fore-
closure suit, in a separate action, and the usual and proper remedy, for
want of a necessary party, after a decree and sale has been had, is by
motion in the original action to vacate the decree and for leave to file a
supplemental bill so as to bring in the necessary parties; but where the
mistake in omitting a necessary party is one of fact as to the existence
of a homestead, which renders the decree void as to the security for any
purpose, and the lapse of the six months prescribed by section 473 of
the Code of Civil Procedure is not owing to the personal laches of the
mortgagee, but to the oversight of a company of searchers of records,
who gave to the mortgagee an abstract of title before the action was
brought, which abstract omitted reference to the homestead, the exist-
ence of which was not discovered by the mortgagee until after the lapse
of more than six months from the decree and sale thereunder, a new
action in equity may be brought by the mortgagee after such period to
vacate the former decree, and to foreclose the mortgage anew as to all
parties.

Id.—Record of Homestead—Constructive Notice Inapplicable.—The
doctrine of constructive notice by the record of the homestead does not
apply to charge the mortgagee with laches or want of diligence so as to
preclude the maintenance of a separate action for relief in equity against
a void decree of foreclosure after the lapse of six months therefrom; but
the judgment being void so far as the security is concerned, the pur-
chaser thereunder does not take with notice, as in cases of sales under
ordinary execution; and, being thus void, a new action may be brought
for equitable relief to set the judgment and sale aside, and to foreclose
the security anew.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.   E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*J. B. Mannix*, for Appellants.

The complaint does not state a case for equitable relief.   The abstract company was the agent of the plaintiff, and its mistake or negligence was that of the plaintiff, and bound him.   (*Overacre* v. *Blake*, 82 Cal. 77; *Stockton etc. Works* v. *Insurance Co.*, 98 Cal. 557; *Burton* v. *Wiley*, 26 Vt. 430, 432, 433; *Urmston* v. *Pate*, 3 Ves. 235, note; Story on Agency, sec. 452; 1 Freeman on Judgments, 112; 2 Freeman on Judgments, 508.)   The record of the declaration of homestead constituted notice regardless of actual notice, or of the question whether or not the instrument imparting notice appeared in the abstract of title.   (*Pearson* v. *Creed*, 78 Cal. 145, 147; *Page* v. *Rogers*, 31 Cal. 313, 314; *Fair* v. *Stevenot*, 29 Cal. 488, 489; *Dingley* v. *Bank*, 57 Cal. 471, 472; *Gleason* v. *Spray*, 81 Cal. 222; 15 Am. St. Rep. 47; *Security Loan etc. Co.* v. *Kauffman*, 108 Cal. 214; 2 Pomeroy's Equity Jurisprudence, secs. 592, 594, 649, 666; 1 Story's Equity Jurisprudence, 399, 410 a; Bispham's Equity, sec. 268; 6 Am. & Eng. Ency. of Law, 718; 16 Am. & Eng. Ency. of Law, 791, 792; *Miller* v. *Hicken*, 92 Cal. 229; *Farmer* v. *Ukiah Water Co.*, 56 Cal. 11.)   An intending purchaser or mortgagee of real estate relies and acts upon the recitals of an abstract of the title at his peril.   (*Rice* v. *Winters*, 45 Neb. 517.)   The plaintiff in an action of foreclosure, buying the property at sheriff's sale, buys it with knowledge of all defects in the proceedings. (*McMillan* v. *Reynolds*, 11 Cal. 378; *Steinbach* v. *Leese*, 27 Cal. 299.)   A purchaser at an execution sale takes the property subject to all liens, and takes only such title as an examination of the proceedings will show he will get.   (*Thomas* v. *Kennedy*, 24 Iowa, 407; 95 Am. Dec. 740; Freeman on Executions, 336; *Riley*

v. *Martinelli,* 97 Cal. 580, 582, 584; 33 Am. St. Rep. 209; Daniel's Chancery Practice, 5th ed., 1276; *Smith* v. *Winn,* 38 S. C. 188; *Gardner* v. *Cheatham,* 37 S. C. 73; *Arnold* v. *Donaldson,* 46 Ohio St. 78.) Relief in equity against a judgment, even on the ground of fraud, will not be granted, unless the party seeking the same has been free from negligence. If the party injured brought about the judgment through his own carelessness, he will not be relieved therefrom. (*Champion* v. *Woods,* 79 Cal. 17; 12 Am. St. Rep. 126; *Quinn* v. *Wetherbee,* 41 Cal. 247; *Mastick* v. *Thorp,* 29 Cal. 445; *Hill* v. *Beatty,* 61 Cal. 295; 2 Story's Equity Jurisprudence, 887; *Holmes* v. *Steele,* 28 N. J. Eq. 173.) A sale (on foreclosure) will not be set aside on the ground of surprise, accident, or mistake, unless applicant was without negligence. A court of equity does not assist a party who has lost his rights through his own negligence. (*Central Pac. R. R. Co.* v. *Creed,* 70 Cal. 501; *Parkhurst* v. *Cory,* 11 N. J. Eq. 233; 8 Am. & Eng. Ency. of Law, 262; *Norton* v. *Nebraska etc. Co.,* 35 Neb. 466; 37 Am. St. Rep. 441; *Vanscoyoc* v. *Kimler,* 77 Ill. 153; *Roberts* v. *Hughes,* 81 Ill. 130, 133; 25 Am. Rep. 270.) This action cannot be maintained, as respondent, if not estopped by the record, or precluded by his neglect, had an adequate legal remedy, by motion in the original suit, within six months after the judgment. (*Goodenow* v. *Ewer,* 16 Cal. 463; 76 Am. Dec. 540; *Boggs* v. *Hargrave,* 16 Cal. 560; 76 Am. Dec. 561; *Borland* v. *Thornton,* 12 Cal. 440; *Burton* v. *Lies,* 21 Cal. 88; *Ketchum* v. *Crippen,* 37 Cal. 227, 228; *Kreichbaum* v. *Melton,* 49 Cal. 55, 56; *Aldrich* v. *Stephens,* 49 Cal. 676; *Ede* v. *Hazen,* 61 Cal. 360; *California Beet Sugar Co.* v. *Porter,* 68 Cal. 372, 373; *Luco* v. *Brown,* 73 Cal. 3; 2 Am. St. Rep. 772; *In re Griffith,* 84 Cal. 107; *Moulton* v. *Knapp,* 85 Cal. 385; *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388; 33 Am. St. Rep. 198.)

*Patterson Sprigg,* and *W. T. McNeally,* for Respondent.

The complaint clearly states a cause of action, on the ground of mistake. The remedy provided for by sec-

tion 473 of the Code of Civil Procedure is not exclusive. (Freeman on Judgments, secs. 485, 500; *Bibend* v. *Kreutz,* 20 Cal. 110; *Ede* v. *Hazen,* 61 Cal. 360; *California Beet Sugar Co.* v. *Porter,* 68 ·Cal. 372.) If the owner of the equity has, through mistake, not been made a party, the mortgagee who has purchased at a sale may maintain a second action to foreclose the equity of such owner, and have a new sale. (2 Jones on Mortgages, sec. 1679; *Shirk* v. *Andrews,* 92 Ind. 509; *Curtis* v. *Gooding,* 99 Ind. 47, 48; *State Bank* v. *Abbott,* 20 Miss. 570 (599); *Georgia Pac. R. R. Co.* v. *Walker,* 61 Miss. 481.) When a foreclosure sale is invalid for the reason that the proper parties to the suit are omitted, and therefore are not bound by it, or there is any other irregularity in the proceedings, the sale operates·as a voluntary assignment by the mortgagee of his interest to the purchaser. (2 Jones on Mortgages, sec. 1678; *Robinson* v. *Ryan,* 25 N. Y. 320; *Grapengether* v. *Fejervary,* 9 Iowa, 163; 74 Am. Dec. 336; *Honaker* v. *Shough,* 55 Mo. 472; *Stoney* v. *Shultz,* 1 Hill Eq. 465; '27 Am. Dec. 429; *Cheek* v. *Waldrum,* 25 Ala. 152; *Stark* v. *Brown,* 12 Wis. 572; 78 Am. Dec. 762; *Moore* v. *Curd,* 14 Wis. 213 (231); *Childs* v. *Childs,* 10 Ohio St. 339; 75 Am. Dec. 512; *Frische* v. *Kramer,* 16 Ohio, 125; 47 Am. Dec. 368; *Nims* v. *Sherman,* 43 Mich. 45.) A discharge obtained by fraud or made through mistake may be canceled if other parties, having no notice of fraud, have not in the meantime acquired an interest in the property. (1 Jones on Mortgages, sec. 996, note 3; *Shaffer* v. *McCloskey,* 101 Cal. 577.)

SEARLS, C.—This is an action to foreclose a mortgage. Plaintiff had a decree. Defendants appeal from the judgment and from an order denying their motion for a new trial. The prominent facts are as follows:

On the 5th of January, 1891, plaintiff brought an action in the superior court in and for the county of San Diego, to foreclose a mortgage executed by the defendant, Manuel Banegas, to secure the payment of a prom-

issory note made by him, the said Banegas, for seventeen hundred dollars.

Before bringing such action, plaintiff, as was the general practice, applied to an abstract company for a search of the records, and received a report that the only encumbrances on the mortgaged property, other than plaintiff's mortgage, was a judgment lien in favor of one J. M. Lucas. There was, in fact, at the time of such search of record, a declaration of homestead made by defendant, Manuel Banegas (who was a married man, and resided with his family on the premises), upon the mortgaged premises. This was not discovered by the abstract company, and plaintiff, having no knowledge thereof, made Manuel Banegas and J. M. Lucas parties defendant in said action, and did not make Nievas Banegas, who is and was the wife of Manuel Banegas, a party defendant.

A decree of foreclosure was rendered in said action; the mortgaged property was sold thereunder and purchased by plaintiff. The time for redemption was, by agreement between plaintiff and Manuel Banegas, extended for six months, upon the expiration of which time, and no redemption having been had, plaintiff obtained a writ of assistance.

Thereupon, and in April, 1892, defendant moved the discharge of said writ, and set up the homestead record as a cause therefor. This was the first knowledge which plaintiff had of the homestead proceedings. The writ was discharged.

Thereupon plaintiff moved the superior court for an order setting aside the decree in the case and all proceedings subsequent thereto, and for leave to file an amended and supplemental complaint bringing in the wife, Nievas Banegas, as a party defendant.

This motion was granted, but on an appeal therefrom to this court, and from an order refusing to set aside said first order, the orders were reversed, upon the ground that more than six months having expired between the date of the decree and the order setting the

same aside, the court was not, under section 473 of the
Code of Civil Procedure, authorized or empowered to
make said order. (*Brackett* v. *Banegas,* 99 Cal. 623.)
Thereupon plaintiff instituted this action to foreclose
the same mortgage, making the wife a party defendant,
and setting out *in extenso* the foregoing facts as ground
of equitable relief in addition to the ordinary statement
of a cause of action in foreclosure.

The prayer of the complaint also asked that the former
judgment, and all subsequent proceedings thereunder,
be set aside, which prayer was granted.

The mortgaged property having been made a home-
stead, the action to foreclose and the decree rendered
therein were void as against the wife, who was not made
a party thereto. (*Watts* v. *Gallagher,* 97 Cal. 47.)   In
*Revalk* v. *Kraemer,* 8 Cal. 66, 68 Am. Dec. 364, it was
held that where a mortgage was executed by the hus-
band alone upon the homestead, a judgment of fore-
closure in an action in which he alone was defendant,
neither the rights of the husband or wife were affected
by the proceedings.   As the homestead rights of the
husband and wife can only be foreclosed in an action
in which both are made parties, the plaintiff acquired
no title under his purchase in the action against the
husband alone.

Had plaintiff a right under these circumstances to
maintain another action against Manuel Banegas and
wife to foreclose?   Jones, in his work on Mortgages, at
section 1679, enunciates the rule as follows: "If the
owner of the equity has, through mistake, not been
made a party, the mortgagee who has purchased at the
sale may maintain a second action to foreclose the equity
of such owner, and for a new sale, but he cannot recover
the costs of the previous sale."   The author cites the
cases of *State Bank* v. *Abbott,* 20 Wis. 570, *Stackpole* v.
*Robbins,* 47 Barb. 212, and *Shirk* v. *Andrews,* 92 Ind.
509, in support of the doctrine.   The author adds in the
same section: "Although a new action is the proper
remedy for a foreclosure imperfect through failure to

make all persons interested in the equity of redemption parties to the suit, the courts have allowed the original suit to be reinstated upon an amended petition, even after an interval of several years." (*Loftin* v. *Strow* (Ky., Apr. 14, 1887), 4 S. W. Rep. 180.)

Courts of equity will not, save in exceptional cases, in a separate action relieve a party from errors of law, but will grant such relief in the original action upon motion or supplemental bill. (*Goodenow* v. *Ewer*, 16 Cal. 461; 76 Am. Dec. 540; *Boggs* v. *Hargrave*, 16 Cal. 560; 76 Am. Dec. 561.) In this case, however, the mistake is not one of law, but of fact. The mistake consisted not in the legal effect of the homestead, but in its existence. In such a case, the original decree having been void for the want of jurisdiction of the court below to enter it without the presence of the wife, or, what is the same thing, such service upon her as required her to appear and defend, if any defense she had, no good reason is perceived why an independent action may not be had to adjust the equities of all the parties. Manuel Banegas is not injured by the institution of the second action. The original judgment against him was for two thousand four hundred and forty-nine dollars and eight cents, with costs. The present judgment is for the two thousand four hundred and forty-nine dollars and eight cents, without the cost of the original action and without the conventional interest, or any interest thereon, from the date of the original judgment in 1891 until the entry of the judgment herein in 1894, a period of over three years.

Appellant contends that a counsel fee was allowed in the case against the defendant. The mortgage provided for a counsel fee; but we cannot determine from the record that one was allowed.

In *Ede* v. *Hazen*, 61 Cal. 360, which was a bill in equity for relief against a judgment, brought within five months after the entry of such judgment, the court said: "The assistance of equity cannot be invoked *so long as the remedy by motion exists;* but when the time

within which a motion may be made has expired, and no laches or want of diligence is imputable to the party asking relief, there is nothing in reason or propriety preventing the interference of equity.   *Bibend* v. *Kreutz*, 20 Cal. 109, is to like effect.   (See, also, *California Beet Sugar Co.* v. *Porter*, 68 Cal. 369; *Lapham* v. *Campbell*, 61 Cal. 296; *Baker* v. *O'Riordan*, 65 Cal. 368.)

We are of opinion there was no such *laches or want of diligence* imputable to plaintiff as will preclude his maintaining the action.

Concede that the mistake of the abstract company was his mistake, and it only proves, as was said in *Sidener* v. *Coons*, 83 Ind. 183, that "the most careful and expert calculators (persons) make mistakes." Had plaintiff himself examined the records, and failed to ascertain the existence of the homestead filing, it might, with more propriety, be said he was negligent in not calling to his aid persons versed in the business; but when, as was the custom, he called to his aid a company whose business it was to make such examinations, and whom he had a right to suppose was expert in the business, and such examiner accidentally failed to discover the record of homestead, it was, as to plaintiff, and as against the defendants here who are not injured thereby, a mistake without negligence.

Appellants argue at some length the doctrine that the record imparted notice to plaintiff, and, therefore, there is a conclusive presumption of notice on his part as to the homestead having been declared.

This doctrine is correct when applied to purchasers or lienholders upon the property who will be injured by the assertion of ignorance as to the record, but is not applicable to a case like the present. A like question was involved in *Shaffer* v. *McCloskey*, 101 Cal. 576, and McFarland, J., speaking for the court, dismissed the question with the remark that "the fact that the deed of trust was recorded is of no value." Citing *Rumpp* v. *Gerkens*, 59 Cal. 496, and *Brooks* v. *Rice*, 56 Cal. 428, as cases in which the junior mortgages against which

relief was sought were of record. The court also quotes from *Pearce* v. *Buell*, 22 Or. 29, where it is said: "The principle running through all cases of this class, says Barculo, J., *Barnes* v. *Camack*, 1 Barb. 392, is that when the legal rights of parties have been changed by mistake, equity restores them to their former conditions, when it can be done without interfering with any *new rights* acquired on the faith and strength of the altered condition of the legal rights, and without doing injustice to other persons." (See, also, *Curtis* v. *Gooding*, 99 Ind. 47.)

We have examined the long array of authorities cited by appellants' counsel in support of the proposition that an application for relief from a judgment in this state for excusable neglect can only be had by motion in the action to be had within six months. None of them support the proposition in its entirety. Some of them hold that, where action is taken within six months, it must be by motion, and not by separate action. Others declare that, where a party had knowledge of the grievance complained of in time to have proceeded by motion, and failed to do so, it is such *laches* as will preclude the maintenance of a separate action.

We should be inclined to hold that, in a case where a valid decree of foreclosure against the mortgagor, and a sale thereunder had been had, omitting from the action a party having rights in the premises, which could only be foreclosed by his being made a party to the action, the proper practice would be to bring such party into the original action by a supplemental bill. But the *status* of the husband and wife as to the homestead is *sui generis*. A foreclosure as to one of the spouses is ineffectual for any purpose without the joinder of the other, except in those cases where the homestead has a value in excess of five thousand dollars.

The judgment is void so far as the security is concerned, and the purchaser thereunder does not take with notice, as in cases of sales under ordinary execution. Being thus void, a new action may be brought.

The contention that the complaint does not ask that the original judgment be set aside, and that the decree herein does not set it aside, is not supported by, but is in direct conflict with, the record.

The prayer of the complaint is " that the said decree, sale, order of sale, and the satisfaction of said judgment be vacated and set aside," etc.  The decree follows in substance the language of the prayer of the complaint.

The findings are supported by the evidence, and we recommend that the judgment and order appealed from be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.
            McFARLAND, J., HENSHAW, J., TEMPLE, J.