[Sac. No. 669. Department Two.—November 21, 1900.]

ANTON GERIG, Respondent, v. C. F. LOVELAND et al., Defendants. WILLIAM DOW, Appellant.

MORTGAGES TO SECURE SAME INDEBTEDNESS—FORECLOSURE—MISTAKE IN ASSIGNMENT—RELIEF IN EQUITY—SUBSEQUENT JUDGMENT CREDITOR. Where two successive mortgages are given to secure the same indebtedness, the latter of which includes mortgaged property in addition to that included in the first mortgage, and subsequently the indebtedness is assigned by the mortgagee, but through mistake of fact as to the existence of the second mortgage the first mortgage alone is assigned, instead of the second, and is foreclosed, the assignee is entitled, upon a discovery of the mistake, and a showing that the mortgaged property included in the first mortgage is insufficient to pay the mortgage indebtedness and that the mortgagor is insolvent, to maintain a suit in equity to set aside the judgment of foreclosure, and for a foreclosure of the second mortgage, as against a judgment creditor of the mortgagor, whose judgment lien is subsequent to both mortgages, but prior to the first foreclosure, and who purchased at execution sale with full knowledge of the existence of the mortgage lien.

ID.—REMEDY BY MOTION—ERRONEOUS JUDGMENT—UNPREJUDICIAL ERROR. In such a case, where the mistake is discovered after the expiration of six months after the decree of foreclosure in the first action is entered, the assignee is not limited to the remedy by motion under section 473 of the Code of Civil Procedure; and a judgment of foreclosure in the second action, without formally vacating the decree in the first action, although erroneous under section 726 of the Code of Civil Procedure, is without prejudice to such judgment creditor and is not a reason for a reversal on his appeal.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Spencer & Raker, and H. D. & G. S. Burroughs, for Appellant.

Goodwin & Goodwin, for Respondent.

TEMPLE, J.—This is an action to obtain the cancellation of a decree of foreclosure of a mortgage, alleged to have been had through the mistake of plaintiff, and to obtain a decree foreclosing another mortgage given to secure the same indebtedness.   Plaintiff had judgment, and the defendant Dow appeals from the judgment upon the judgment-roll.

In December, 1890, defendant Loveland executed a mortgage to one L. C. Stiles to secure an indebtedness, evidenced by a promissory note due two years after date, and bearing interest.

On the thirtieth day of November, 1892, Loveland executed another mortgage to said Stiles to secure the same indebtedness. This mortgage covered all the property covered by the first mortgage and two hundred acres of land which were not included in the first mortgage.   Subsequently, the note was purchased by plaintiff, and a formal assignment of the first mortgage was made to plaintiff and was by him duly recorded.   It is alleged that the intention was to assign the second mortgage, and not the first, and that the mistake was made by the attorney, who did not know of the second mortgage, and that, through a similar error, an action to foreclose was brought by plaintiff upon the first mortgage only.   A decree was entered in due form foreclosing said mortgage before plaintiff discovered the mistake.   It is averred that the property described in the first mortgage is not of sufficient value to secure the debt due plaintiff.   The decree in the first action was entered January 20, 1896; plaintiff discovered the mistake August 11, 1896; this action was commenced December 9, 1896.

Appellant was made a party defendant, and it was alleged that he claimed some interest in, or lien upon, the mortgaged premises, which was subsequent and subject to the lien of the mortgage.

The defendant Dow demurred and answered, pleading in both demurrer and answer the statute of limitations.   He also sets up an estoppel against plaintiff's right to proceed with the second foreclosure.

Appellant obtained a money judgment against Loveland, which was duly docketed, and became a lien upon the mortgaged premises, subsequent to both mortgages but prior to the first foreclosure. After the entry of the decree in the first action to foreclose, appellant, as he avers, finding that plaintiff had abandoned his claim under the second mortgage and had foreclosed upon a part of his security only, caused an execution to be levied upon two hundred acres of land, upon which a foreclosure was not sought, and a sale thereof to be made, and became the purchaser thereof for the sum of five hundred dollars, which was thereupon credited upon his judgment against Loveland. If plaintiff is now allowed to foreclose upon the two hundred acres, appellant will lose this sum besides costs. Loveland has become insolvent.

The first point made by appellant is that plaintiff can have but one action to foreclose his mortgage, and if he proceeds to foreclose by piecemeal the first decree foreclosing upon a portion of the security will bar all further proceedings to foreclose the same mortgage. It has been so held under section 726 of the Code of Civil Procedure. (*Mascarel v. Raffour*, 51 Cal. 242.) This is an obstruction which plaintiff is endeavoring to remove by the judgment in this case. Whether he can obtain that relief depends upon general principles of equity, and is not affected by section 726 of the Code of Civil Procedure. The obstruction once removed, the objection will not hold.

It is next contended that plaintiff should have proceeded under the provisions of section 473 of the Code of Civil Procedure. Not having done so within six months, his right to relief is barred. The case of *Brackett v. Banegas*, 116 Cal. 278, answers this contention.

The next point made is that plaintiff, by his gross negligence, has induced appellant to incur expense and satisfy a portion of his judgment, and to place himself in a position where he will suffer irreparable injury, if plaintiff can now have his own gross negligence considered such a mistake as will entitle him to the equitable relief sought.

An equitable estoppel is only enforced in the interests of justice. The evidence is not brought up on this appeal. If it had been, it may have appeared that appellant's claim to an estoppel

is grossly unjust.   Perhaps, when he purchased at his own execution sale, he knew that the first foreclosure was a mistake and that the present action was contemplated.   He may have proceeded against the protest of plaintiff, and in haste, hoping to preclude the relief here sought.   It is not necessary, therefore, to determine what the law would be upon the facts alleged in the answer.   The finding upon this point is brief and to the effect that appellant purchased with full knowledge of the existence of the mortgage lien, and will sustain no damage by the foreclosure.

It is not charged that plaintiff made any representations, or that he waived his lien upon the two hundred acres in controversy otherwise than by his mistake in the first suit.   If, as found, the security without the two hundred acres was insufficient, and Loveland was insolvent, these facts were suggestive that the first attempt to foreclose was a mistake.   That plaintiff might attempt to retrieve his error was to have been expected, and when appellant procured the land to be levied upon it was not too late to do so.   The supposed equity of appellant, under the circumstances, does not commend itself to us. (See upon this point *Hines v. Ward,* 121 Cal. 115.)

The last point is that by the decree the court did not vacate the previous decree, but simply proceeded to foreclose the second mortgage, so that there are now two decrees in two different actions for the collection of the same debt, in violation of section 726 of the Code of Civil Procedure.   This is obvious error, but appellant is not injured thereby.

The judgment is affirmed.

Henshaw, J., and McFarland, J., concurred.