[Sac. No. 1213.   Department One.—June 6, 1904.]

## CAROLINE LUDWIG, Respondent, v. E. M. MURPHY, and M. M. MURPHY, Appellants.

MORTGAGE—VOID FORECLOSURE—HOMESTEAD CLAIM—SECOND FORECLOS-URE—REFORMATION.—A party holding a mortgage lien has an absolute right to an effectual foreclosure. Where a prior foreclosure against a wife who, after the execution of the mortgage by her, had declared a homestead upon the premises was void as to the security, because the husband was not made a party thereto, the mortgagee may bring a second action of foreclosure, making the husband a party, and may therein seek a reformation of the mortgage for mistake in the description of the premises mortgaged in omitting an adjoining strip of land intended to be included therein.

ID.—LACHES—STATUTE OF LIMITATIONS.—Where the second suit of foreclosure was begun much less than four years after the cause of action accrued, no question can arise as to the effect of laches or as to the sufficiency of any excuses therefor.

ID.—EFFECT OF FORMER JUDGMENT—CONSTRUCTION OF CODE.—Without regard to the effect of the former judgment of foreclosure with respect to the note secured, it being void as a foreclosure of the security, it did not operate as a waiver of the mortgage lien nor of the right to foreclose the same in a second action, by reason of anything contained in section 726 of the Civil Code.

APPEAL from a judgment of the Superior Court of Placer County.   Peter J. Shields, Judge presiding.

The facts are stated in the opinion of the court.

Charles Tuttle, and F. P. Tuttle, for Appellants.

George W. Hamilton, Sam J. Pullen, and Pullen & Wallace, for Respondent.

SHAW, J.—Appeal from a judgment for the plaintiff. The appeal is on the judgment-roll, and there is no bill of exceptions. The case briefly stated is this: The plaintiff is the mortgagee, and the defendant Mrs. E. M. Murphy is the mortgagor in a mortgage of date March 13, 1897, given to secure a promissory note of even date for the sum of $1,378, payable April 25, 1899. The mortgage was intended by the parties to include an adjoining strip of land, which was omitted

by mistake in the drawing of the instrument. The other defendant is the husband of the mortgagor. The land mortgaged, including the strip alluded to, was the property of Mrs. Murphy, who was then residing on it, and who on June 17, 1898, filed thereon a declaration of homestead,—her husband at that time having notice of the mortgage. A suit to foreclose was commenced by the plaintiff, June 14, 1899, against Mrs. Murphy alone, and resulted, September 19, 1899, in a judgment of foreclosure, and a sale of the mortgaged premises thereunder, July 1, 1901, to the plaintiff. The plaintiff in due course received her deed, and thereupon demanded ·of Mrs. Murphy the possession of the premises, which was denied; and thereafter application was made to the court by the plaintiff for a writ of assistance, which was resisted by the defendant Murphy (the husband). The object of the present suit—to which both spouses are made parties—is to correct the mistake in the description of the premises mortgaged, and, in effect, to foreclose the mortgage. The above facts are alleged in the complaint, and, with exception of the allegations as to the mistake in the description of the mortgaged premises, are not denied by the answer. As to the alleged mistake, the findings are adverse to the defendant, who makes no point on this branch of the case; which, therefore, need not be further considered. The facts of the case, therefore, so far as stated, are the same as those involved in *Brackett* v. *Banegas,* 116 Cal. 278;[1] and it is claimed by the respondent that the decision in that case is in point in her favor.

On the other hand, it is claimed by the appellant that other facts found by the court distinguish this from the case cited, and that upon the authority of that decision, the judgment here must be reversed. The facts relied upon in support of this contention are, that the plaintiff's attorney did not make a sufficient search of the records before commencing the suit for foreclosure; and that when the suit was commenced the plaintiff knew of the fact of the filing of the homestead declaration; though it is also found she did not inform her attorney of the fact until June, 1900,—which was after the judgment and before the sale,—and was not then informed or advised of the legal effect of the filing of the declaration, nor afterwards, until the opposition of Murphy, the husband,

[1] 58 Am. St. Rep. 164.

which was subsequent to July 7, 1902. The position of the appellant is: 1. That there was such laches on the part of the plaintiff's attorney as to preclude her from maintaining this action; and 2. That her failure to make the defendant Murphy a party was not excused by her ignorance of the legal effect of the homestead.

In *Brackett* v. *Banegas,* 116 Cal. 278,[1] there was considerable discussion of the question of the effect of laches upon the right of plaintiff to maintain the second action to foreclose. In the case at bar the question is obviously immaterial. Perhaps this may have been true also in the case cited. The mortgage note here sued on became due April 25, 1899. The present action to foreclose the same was begun on September 11, 1902, which was much less than four years after the cause of action accrued. The cause of action, considering the case as an action to foreclose the mortgage, was therefore not barred by the statute of limitations.

This being true, no question can arise concerning the effect of laches or as to the sufficiency of any excuses existing therefor. A party holding a valid mortgage lien has an absolute right to an effectual foreclosure by an action begun at any time within four years from the time his cause of action accrues, irrespective of, and in the face of, any degree of laches or delay. The previous attempt to foreclose was, so far as the security was concerned, wholly ineffectual, and in *Brackett* v. *Banegas,* 116 Cal. 278[1], a similar judgment of foreclosure was held absolutely void as to the security. If it was void as to the security, it could not affect the mortgage nor the lien created thereby, and it could not constitute a bar, nor in any wise affect an action to foreclose the same. The complaint states facts sufficient to constitute a good cause of action to foreclose the mortgage. The additional facts, included therein, disclosing the previous judgment of foreclosure and the excuses for not making the husband a party to that action, do not constitute a bar to the present action, nor any defense whatever, but, on the contrary, they show that the former judgment was void, and that therefore it could not affect the present action.

It is not necessary to consider the effect of section 726 of the Code of Civil Procedure, declaring that there can be but one

[1] 58 Am. St. Rep. 164.

action to recover a debt secured by mortgage, nor to discuss the question whether or not the former judgment could be considered as a valid judgment on the note, or as cutting off any defense thereto in the present action. No question of that character is presented, and no defense was made in regard to the validity of the note or the amount due thereon. It is only necessary here to hold that, whatever may be the effect of the former judgment with respect to the note, it was void as a foreclosure, and that it did not operate as a waiver of the mortgage lien nor of the right to foreclose the same.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.