[Civ. No. 3136.    First Appellate District, Division Two.—December 15, 1919.]

# LUCY R. NORTON, Respondent, v. NICHOLAS C. NEWERF, etc., et al., Appellants.

[1] MORTGAGES—ACTION TO FORECLOSE—LEGAL TITLE TO PROPERTY—PLEADING.—In an action to foreclose a mortgage, an allegation that the legal title to the mortgaged property is vested in and held by a given company may be either a conclusion of fact or of law.

[2] ID.—WANT OF NECESSARY PARTY—REMEDY OF MORTGAGEE AS PURCHASER.—If the owner of the equity has, through mistake, not been made a party to the action to foreclose the mortgage, the mortgagee who has purchased at a sale may maintain a second action to foreclose the equity of such owner, and for a new sale, but he cannot recover the costs of the previous sale.

[3] ID.—REINSTATEMENT OF ORIGINAL SUIT.—Although a new action is the proper remedy for a foreclosure improper through failure to make all persons interested in the equity of redemption parties to the suit, the courts have allowed the original suit to be reinstated upon an amended petition, even after an interval of several years.

[4] ID.—APPEAL ON JUDGMENT-ROLL—FINDINGS—JUDGMENT—PRESUMPTIONS.—Where an appeal is taken on the judgment-roll alone, it will be presumed in support of the findings and of the judgment that facts found which might have been presented in the particular case by formal pleadings were supported by evidence introduced by the parties under stipulation or at least without objection.

[5] ID.—RIGHT TO CROP—FINDINGS—EVIDENCE—PRESUMPTIONS.—Where an appeal is taken on the judgment-roll alone, it must be presumed that the trial court, in finding in an action to foreclose a mortgage that a crop of oranges produced by the plaintiff on the mortgaged premises was the property of plaintiff as mortgagee in possession of said premises, properly considered the defendants' claim that plaintiff was bound to account to them for said crop and received sufficient evidence to amount to an accounting and to support the findings, the trial court having found further that the crop produced cost the plaintiff more than the amount for which the crop was sold.

APPEAL from a judgment of the Superior Court of Riverside County.    Hugh H. Craig, Judge.    Affirmed.

2.  Parties to foreclosure proceedings as affected by prior proceedings in which the parties were different, note, 37 L. R. A. 752.

The facts are stated in the opinion of the court.

Edward Winterer for Appellants.

Walter C. Davison and Purington & Adair for Respondent.

BRITTAIN, J.—In a suit to set aside a former decree of foreclosure of a mortgage of real property, claimed by the plaintiff to have been ineffectual for want of a necessary party, at the opening of the trial the suit was dismissed as to all fictitious defendants and the defaults of all named defendants, other than N. C. Newerf and Mrs. A. J. Bolster, were entered. They appeal on the judgment-roll alone from the decree in favor of the plaintiff. The appellants joined in a formal answer and subsequently N. C. Newerf filed an amended answer by which he joined issue on most of the allegations of the complaint, and in which he set up affirmatively five separate and distinct defenses. The findings of fact are very lengthy and need not be set forth nor summarized at length. In the briefs the essential facts are conceded.

In 1910 the plaintiff, who owned the mortgaged property, agreed with L. L. Newerf to sell it to him for twelve thousand five hundred dollars, of which five thousand dollars was payable in two equal installments and the remaining seven thousand five hundred dollars was to be evidenced by a note. The property was to be conveyed to the buyer on the payment of the second installment of two thousand five hundred dollars, at which time the note and mortgage were to be made. About the time for the conveyance of the property, N. C. Newerf, one of the appellants, paid for the account of L. L. Newerf to the plaintiff $2,850. N. C. Newerf procured the conveyance of the property to himself and executed the note and mortgage in suit, the mortgage being recorded. The court found that at that time N. C. Newerf was not acting for L. L. Newerf, but for himself, and that the plaintiff had no knowledge of any agreement between the Newerfs in regard to the conveyance being as security for the money paid by N. C. Newerf. In August, 1911, N. C. Newerf conveyed the property to Edith D. Newerf, the wife of L. L. Newerf. Edith D. Newerf and L. L. Newerf then conveyed the property to Riverside Abstract Company, as trustee for N. C. Newerf, to secure existing indebtedness and

future advances. N. C. Newerf made further advances, to secure which, and in consideration of the reconveyance to Edith D. Newerf by the Riverside Abstract Company, she, with her husband, again conveyed the property in January, 1913, to Riverside Abstract Company, in trust, for N. C. Newerf. The Riverside Abstract Company subsequently conveyed upon the same trusts to Peoples Loan and Trust Company, which thereafter became the Peoples Trust and Savings Bank. In June, 1913, Edith D. Newerf and L. L. Newerf conveyed the property subject to the same encumbrances to Mrs. A. J. Bolster, the other appellant.

On August 28, 1914, the plaintiff commenced a suit, numbered 6414, against N. C. Newerf, Edith D. Newerf, and L. L. Newerf, for the purpose of foreclosing the mortgage. All the defendants defaulted. The court made its decree of foreclosure in that suit, and on December 7, 1914, the mortgaged property was sold, by the commissioner under the decree, to the plaintiff for $8,531.30, which represented the total amount then due to plaintiff under the judgment. As a result of the sale the claim and the judgment on the mortgage were satisfied in full upon the records. In January, 1915, after the foreclosure sale and before the time had expired for the issuing of the commissioner's deed, the plaintiff openly took possession of the premises and remained in possession until April 1, 1915. During that time she cultivated and took care of the premises, but took no crops therefrom. She surrendered possession on the last-mentioned day and did not again go into possession until after procuring the commissioner's deed, which was issued December 14, 1915. She then entered under the deed and is still in possession of the property. In January, 1915, the sheriff of Riverside County levied execution upon the crop of oranges then on the property to satisfy a judgment against the Newerfs, or some of them, held by the Citizens' National Bank. Under the execution the sheriff sold the crop. Third party claims were presented by the plaintiff and Mrs. Bolster, and it was through no fault or act of the plaintiff that the sheriff levied upon and sold the orange crop. Neither the plaintiff nor her agents were given any notice of the right or title of the Peoples Loan and Trust Company or Peoples Trust and Savings Bank. The only reason the plaintiff bought at the foreclosure sale was because she

believed all persons having or claiming any interest had been made parties to the foreclosure proceedings and that she was getting clear title to the property. To protect the plaintiff in the foreclosure suit her attorney made an examination of the records of Riverside County, and through inadvertence failed to find the record of the conveyance to the Riverside Abstract Company and of its conveyance to the Peoples Loan and Trust Company.

Edith D. Newerf defaulted in the payment of the indebtedness secured by the trust deed to N. C. Newerf, and in April, 1916, under the terms of the trust deed, but without actual notice to the plaintiff, the trustee sold the premises to N. C. Newerf, who purchased with full knowledge of the rights of the plaintiff and ''without his having been misled, but knowing fully that the prior foreclosure action was ineffectual and that the sale to the plaintiff conveyed no title and that the mortgage debt had not been paid.'' There was an express finding that the plaintiff had done nothing to estop her from effectually foreclosing the mortgage, and that the claims of N. C. Newerf are without equity. By the judgment the former decree was set aside with all proceedings taken pursuant to it, foreclosure of the mortgage was decreed and sale ordered by the commissioner appointed in the decree for the purpose.

The appeal being on the judgment-roll, the only questions to be considered are: 1. Did the complaint state facts sufficient to constitute a cause of action; 2. Are the findings within the issues; 3. Is the judgment supported by the findings; and, 4. Does reversible error concerning a matter of law appear on the face of the record? The contentions on the part of the appellants are so interwoven that it would be idle to attempt to follow counsel through the maze of the argument. [1] Upon the first proposition it is contended that the allegation that the legal title to the mortgaged property was vested in and held by the Peoples Loan and Trust Company is a conclusion of law. The statement of title or ownership may be either one of fact or of law. It is contended there is no allegation regarding any conveyance to the trustee, nor averment as to the nature or extent of any trust created. These facts appear from the answer of the defendant Newerf. There were a number of other minor contentions in regard to the complaint, which might possibly have been reached by

special demurrer, but which have either been waived in the answers or which go to the form rather than the sufficiency of the complaint. It is also argued that the complaint does not show sufficient facts in regard to the inadvertence of the plaintiff's attorney, nor that the plaintiff was not herself guilty of negligence in the matter. Sufficient facts were stated in the complaint to constitute a cause of action. [2] "If the owner of the equity has, through mistake, not been made a party, the mortgagee who has purchased at a sale may maintain a second action to foreclose the equity of such owner, and for a new sale, but he cannot recover the costs of the previous sale. [3] Although a new action is the proper remedy for a foreclosure improper through failure to make all persons interested in the equity of redemption parties to the suit, the courts have allowed the original suit to be reinstated upon an amended petition, even after an interval of several years." (Jones on Mortgages, sec. 1679; *Brackett* v. *Banegas,* 116 Cal. 278, [58 Am. St. Rep. 164, 48 Pac. 90]; *Ludwig* v. *Murphy,* 143 Cal. 473, [77 Pac. 150]; *Gerig* v. *Loveland,* 130 Cal. 512, [62 Pac. 830].)

[4] The appellants contend that certain findings are outside the issues tendered by the complaint. The findings in question are responsive to the matters affirmatively set up in the answer of N. C. Newerf. It is also contended that the finding concerning the transfers between the Newerfs and to the Riverside Abstract Company and to the Peoples Loan and Trust Company, and concerning the failure of plaintiff to discover that the trust deed had been executed until some time in March, 1915, are not supported by the complaint. These matters also are responsive to the allegations of N. C. Newerf's answer. In regard to all appellants' contentions upon the subject of the findings not being within the issues, in the absence of any evidence the case is clearly within the rule that in support of the findings and of the judgment it will be presumed that facts found which might have been presented in the particular case by formal pleadings were supported by evidence introduced by the parties under stipulation or at least without objection. (*Hoover* v. *Lester,* 16 Cal. App. 154, [116 Pac. 382]; *McLellan* v. *East San Mateo Land Co.,* 166 Cal. 736, [137 Pac. 1145].)

The judgment closely follows the findings and the attacks upon it are upon the same grounds on which the appellants

attack the findings themselves. These attacks need not, therefore, again be considered.

[5] It is contended that the court erred in finding that a crop of oranges produced by the plaintiff on the mortgaged premises is the property of the plaintiff as mortgagee in possession of said premises. Numerous cases are cited in support of the rule that a mortgagee in possession is bound to account to the mortgagor for rents and profits. In the absence of evidence and in support of the judgment, under the rules to which reference has been made, and considering all the findings, it must be presumed that the court properly considered the appellants' claims in this regard and received sufficient evidence to amount to an accounting and to support the findings. This presumption applies with peculiar force to the particular case, because it was found by the court that the crop produced cost the plaintiff more than the amount for which the crop was sold. .

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.