[Civ. No. 8035. Second Appellate District, Division One.—January 19, 1932.]

ORVILLE W. BAKER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Burke, Hickson & Burke and Daniel G. Marshall for Petitioners.

J. E. Light for Respondents.

CONREY, P. J.—On application made by petitioners, the alternative writ of *mandamus* issued, to which respondents have replied by demurrer and by answer. In substance the facts as shown by the pleadings are in agreement, and the cause may now be determined on the merits.

On the thirty-first day of August, 1925, one Austin and his wife, owners of a piece of real property in the city of Los Angeles, mortgaged the same to Isabel Baker, as security for a note made by one Ed McKinsey. Some time after this mortgage had been recorded, the Austins conveyed said real property to Marjorie McKinsey, wife of said Ed McKinsey, and the deed was duly recorded. Thereafter Mrs. Baker and her husband commenced an action of foreclosure of the mortgage, naming Ed McKinsey as a defendant, but not Marjorie McKinsey. Pursuant to decree of foreclosure in the action the property was, on December 27, 1926, sold under commissioner's sale to the Bakers. On the first day of February, 1927, Mrs. McKinsey made and recorded a declaration of homestead on said real property. On March 21, 1928, the Bakers instituted a second action for foreclosure of the same mortgage, this time naming both Ed and Marjorie McKinsey as the defendants. Ed McKinsey filed an answer in which he stated the fact that said former judgment of foreclosure had been entered against him and had become a final judgment. Thereafter the plaintiffs dismissed said second action as to Ed McKinsey, and obtained judgment of foreclosure against Marjorie McKinsey alone. Pursuant to said second decree of foreclosure a second sale was made, at which the Bakers again became purchasers. There-

after on the fourth day of December, 1930, the year of redemption having expired under both sales, commissioner's deeds were duly executed and delivered to the purchasers. Thereafter writs of assistance were issued, to place the purchasers in possession of the property. On February 24, 1931, two motions were made in the superior court; one motion by Ed McKinsey in the second foreclosure case to recall and quash the writ of assistance therein; the other by both Ed and Marjorie McKinsey to recall and quash the writ of assistance in both foreclosure cases. On March 16th the said motions were granted and "it was further ordered that no further writ of assistance be issued without notice and until said plaintiffs have had a reasonable time to make application to this court to set aside their judgment and make defendants herein parties to said action". A separate order to like effect was made in each action. On August 12, 1931, the said O. W. Baker and Isabel Baker filed herein their petition for writ of mandate, to command that a writ of assistance issue in each of said actions, to compel the delivery of possession of said property to the petitioners.

For the purposes of this decision we assume that petitioners, as purchasers at the first foreclosure sale, had the right to institute their second foreclosure action for the purpose of correcting the error into which they had fallen by omitting to make Marjorie McKinsey a defendant in the first foreclosure action. The decision cited by them, *Norton* v. *Newerf*, 45 Cal. App. 10 [187 Pac. 57], appears to sustain the right of a purchaser at a foreclosure sale to maintain such an action to foreclose the equity of such omitted party whose ownership of the property was acquired subject to the mortgage.

But in the second action there was another error which we think is fatal to the claim of right of petitioners to enforce their demand for possession of the property. The answer filed by Ed McKinsey in the second action was not a disclaimer. When the second action was dismissed as to him he ceased to be a party thereto, just as if he had never been a party in the case. When Marjorie McKinsey recorded her declaration of homestead she was owner of the property, although her

title was subject to the mortgage. Since the fact appears to be conceded by counsel, we assume that this declaration was in the form required by the statute; that is to say, she stated therein that her husband had not made such declaration, and that she therefore made it for their joint benefit. (Civ. Code, sec. 1263.) This gave to the husband a new interest in the property, of which he could not be deprived, notwithstanding the prior existence of said mortgage, without foreclosing the mortgage as against him in such manner as to cover and include the homestead interest. Foreclosure against the wife alone could not affect his interest in the homestead, which necessarily included a right to remain in possession of the property in order to use it as a homestead. Since the homestead interest did not exist at the date of the decree in the first foreclosure, the right of Ed McKinsey which he acquired by virtue of the homestead was not foreclosed by the decree in that action; and since the said Ed McKinsey was not a party defendant in the second action when the decree was entered in said second action, his homestead right was not foreclosed by that decree. The result is that as against said Ed McKinsey there is not, in any of the foreclosure proceedings, any basis of authority for a writ which would deprive him of his possession. ▮ He being thus in possession of the property under a valid existing homestead, which entitles him as head of the family to reside on said property, it follows that the said Marjorie McKinsey, as a member of his family, is also entitled to remain on the premises, notwithstanding that she was included as a defendant in the second foreclosure action and bound by the decree therein.

The situation is analogous to that in *Corey* v. *Matot,* 47 Cal. App. 184 [190 Pac. 378, 380], wherein it was held, in harmony with other and prior decisions, that where subsequent to the making of a mortgage upon real property a homestead is declared upon the property, such subsequent declaration of homestead creates a new and distinct species of title therein. "This newly created interest is under the statute subject to the existing mortgage, but only within the application of the strict terms of the mortgage liability. It cannot be extended or prolonged

by implication or by the acts of one alone of the makers, but only in the manner provided by the statute for encumbering or alienating a homestead. The effect of grafting the new homestead right upon the title is similar to the effect of a conveyance of the mortgaged premises to one not bound by the contract of the note and mortgage.''

The alternative writ is discharged and the application for peremptory writ of mandate is denied.

Houser, J., and York, J., concurred.