[Civ. No. 5030. Third Appellate District.—January 25, 1934.]

ARTHUR C. HURT, Respondent, v. PICO INVESTMENT COMPANY (a Corporation), Appellant.

Perry F. Backus for Appellant.

James A. Howard and William A. Farner for Respondent.

LEMMON, J., *pro tem.*—This action was instituted by the assignee of a mortgage to foreclose the mortgage. The defendant, Pico Investment Company, a corporation, appeals from a decree of foreclosure. The mortgagees, James Hocking and Ella Hocking, had previously, and in a separate

action, sought foreclosure of this mortgage. That action will be referred to as No. 194481. Prior to the assignment to the plaintiff herein, a decree of foreclosure had been entered in action No. 194481. A sale of the mortgaged premises had been held by a commissioner appointed therein, and the commissioner had received from the plaintiff in that action, the assignor of the plaintiff herein, a receipt for the full amount of the judgment. Just prior to the expiration of the period of redemption, the plaintiff herein, Arthur C. Hurt, took an assignment from the Hockings of the certificate of sale, and later received from the commissioner a deed to the premises as holder of the certificate of sale. About sixteen months after the entry of the decree of foreclosure in action No. 194481, the court, upon motion of Hurt, by an order entered in its minutes, set aside the judgment. An amended and supplemental complaint was filed, and an *alias* summons was issued and served upon the Security Realty Company and D. H. Penny, two of the defendants. Upon motion thereafter, the court entered an order quashing the service of the *alias* summons, and striking the amended and supplemental complaint. Thereafter, Hurt was substituted as plaintiff, and moved the court to vacate the commissioner's certificate of sale and the deed issued in pursuance thereof, and the satisfaction of the judgment, or, as an alternative, to issue a writ of assistance for the purpose of placing him in possession of the property. This motion was denied.

Following an abortive attempt on the part of Hurt to maintain a second suit in foreclosure, he instituted an action No. 286987, to quiet title to the property in question. The court, in action No. 286987, decreed that the defendant, Pico Investment Company, is the owner of the property in fee, subject to the mortgage then held by Hurt. The Pico Investment Company appealed from that part of the judgment determining that the real property was subject to the mortgage, and the District Court of Appeal for the Fourth Appellate District, on October 20, 1932, affirmed the judgment. (*Hurt* v. *Pico Investment Co.,* 127 Cal. App. 106 [15 Pac. (2d) 203].)

The appeal now to be considered is from a judgment entered in an action to foreclose the mortgage, the fourth

action in what has been referred to appropriately as this "ill-starred litigation".

At the time action No. 194481 was commenced D. H. Penny, appellant's grantor, was the owner of the land subject to the lien of the mortgage. D. H. Penny was not properly served with process in that action, and as to her, the decree of foreclosure therein was void on the face of the record.

█ Appellant contends that the mortgage sought to be foreclosed in this action has already been foreclosed in the prior action, No. 194481. The decision in the quiet title action is adverse to this contention. █ There remains to be decided whether it is proper to seek foreclosure in a second action where the decree of foreclosure and sale in the first action is void as to the owner of the property at the time of the commencement of the first action.

We are considering now a mortgage which has not been foreclosed. The decree in No. 194481 was ineffectual to effect a valid sale of the mortgaged property, and the commissioner's deed did not pass title to the property, due to the fact that the judgment was void as to the owner of the property.

The cases of *Brackett* v. *Banegas,* 116 Cal. 278 [48 Pac. 90, 58 Am. St. Rep. 164], and *Ludwig* v. *Murphy,* 143 Cal. 473 [77 Pac. 150], are authority for the principle that a second action in foreclosure may be maintained if, in the first action, an owner of an interest in the mortgaged premises is omitted ·as a party, through mistake, and the proceeding is rendered thereby ineffective as a foreclosure. Obviously, a sale under a decree void as to such an owner does not accomplish the purpose of a foreclosure which is to effect a valid sale of the mortgaged premises, and thereby enforce payment of the debt secured by the mortgage. "A party holding a valid mortgage lien has an absolute right to an effectual foreclosure by an action begun at any time within four years from the time his cause of action accrues, irrespective of, and in the face of, any degree of laches or delay. The previous attempt to foreclose was, so far as the security was concerned, wholly ineffectual, and in *Brackett* v. *Banegas,* 116 Cal. 278 [48 Pac. 90, 58 Am. St. Rep. 164], a similar judgment of foreclosure was held absolutely void as to the security. If it was void as to the security, it could

not affect the mortgage nor the lien created thereby, and it could not constitute a bar, nor in anywise affect an action to foreclose the same." (*Ludwig* v. *Murphy,* 143 Cal. 473 [77 Pac. 150, 151].)

The distinction in the facts between the cited cases and the instant case are not of moment in determining that the rule is applicable here. The foreclosure is just as ineffective where the judgment is void through invalid service of process upon a named necessary party defendant as where the necessary party is not mentioned in the action.

 In such a situation as herein presented the proper remedy is by a new action in foreclosure, although the courts have allowed the original suit to be reinstated upon amended pleadings. (*Norton* v. *Newerf,* 45 Cal. App. 14 [187 Pac. 57].) It follows that there is no merit in appellant's contention that in this action a collateral attack is made upon the decree in action No. 194481.

The judgment appealed from is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1934.