[Civ. No. 6092. Third Appellate District.—July 19, 1938.]

ALBERT L. WINN, as Administrator, etc., Respondent, v. MEAD O. TORR et al., Appellants.

Jahn H. Moskowitz for Appellants.

Lounibos & Lounibos for Respondent.

THOMPSON, J.—The defendant, Mary Torr, has appealed from a judgment of foreclosure of a mortgage which was executed by her husband alone to secure a debt of $5,000. Mrs. Torr had subsequently filed a homestead against the property.

In a previous suit to foreclose the same mortgage, which was originally brought against both the husband and wife, the action was inadvertently dismissed as to Mrs. Torr for the reason that she was not a party to the note or mortgage,

and the plaintiff was not aware of the recording of the homestead. In that suit a decree of foreclosure was rendered against Mead O. Torr. The property was sold and a deficiency judgment was entered against him. After that judgment was rendered the plaintiff discovered, for the first time, that Mary Torr had filed the homestead against the mortgaged property subsequent to the execution of the mortgage and before the commencement of the suit for foreclosure. Within six months after the rendering of that judgment the plaintiff moved, under the provisions of section 473 of the Code of Civil Procedure, to set aside the judgment as void for the reason that the foreclosure proceeding was unavailing to relieve the property of the homestead lien. That motion was granted. On application of the defendants, however, that order was subsequently set aside for the reason that it was granted without previous notice. The present suit to foreclose the same mortgage was then instituted against both the husband and wife. Defendants' demurrer to the complaint was overruled. An answer was filed, denying the material allegations of the complaint. The defendants also filed a cross-complaint, affirmatively alleging that the plaintiff was charged with knowledge of the recording of the homestead, and that he is therefore bound by the first decree of foreclosure, and that the plaintiff, who purchased the land at the commissioner's sale thereof, took it subject to the homestead lien. Findings were adopted favorable to the plaintiff on all the material issues. A decree was thereupon rendered against both Mr. and Mrs. Torr, setting aside the former judgment and awarding plaintiff judgment for the amount of the unpaid note together with accrued interest and costs, and directing the sale of the property to satisfy the debt. From that decree Mrs. Torr has appealed.

It is contended the first decree of foreclosure is *res judicata* and binding on the respondent in this case; that this suit amounts to a collateral attack upon the former judgment; that the defect of parties in the original suit was due to plaintiff's negligence in failing to search the records; that plaintiff was charged with knowledge of the recording of the homestead prior to the commencement of his action, and that equity will not relieve plaintiff from the homestead lien under such circumstances.

The record shows that Mead O. Torr and Mary Torr are husband and wife. December 20, 1930, Mead O. Torr alone executed and delivered to Hattie Sales Winn his note for $5,000, secured by a mortgage on a house and lot in the city of Petaluma. Mrs. Torr did not join in the note or mortgage. The mortgage was recorded January 23, 1931. The homestead was recorded by Mrs. Torr June 2, 1931. The complaint was filed in the original suit to foreclose the mortgage on July 8, 1931. The mortgagee, Hattie Winn Sales, died September 9, 1932, and upon appropriate proceedings the plaintiff was appointed and qualified as administrator of her estate October 26, 1932, and he was duly substituted as plaintiff in the action. Inadvertently the first suit was dismissed against Mrs. Torr November 6, 1933, on the theory that she was not a necessary party to the suit since she was not a party to the note or mortgage. The plaintiff then had no knowledge of the fact that the homestead had been recorded before the commencement of the action. He knew that a homestead had been recorded, but was informed and believed that it was recorded after the filing of the complaint. A decree of foreclosure was rendered in the original action on the last-mentioned date. The property was sold to the plaintiff under order of the court for $2,500 and a deficiency judgment of $3,877.86 was entered against Mead O. Torr alone. February 20, 1934, Mead O. Torr deeded the property to his wife. March 1, 1934, the plaintiff first discovered that the homestead had been filed before the commencement of the action. March 23, 1934, on *ex parte* application of the plaintiff, under the provisions of section 473 of the Code of Civil Procedure, the decree was set aside as void, for the reason that the case had been dismissed as to Mrs. Torr, and the property therefore remained vested with her homestead lien. The following September Mead O. Torr moved the court to vacate the last-mentioned order on the ground that the court was without jurisdiction to make that order since no notice thereof was given as required by section 473. The order vacating the original judgment was therefore set aside November 7, 1934. This action was then commenced long before the note and mortgage had outlawed. The note was dated December 20, 1930, and did not mature until two years thereafter. Judgment in this case was rendered October 9, 1936.

■ Assuming that plaintiff's motion to vacate the original decree, although it was made within six months of the time of the entry thereof, was ineffectual under the provisions of section 473 of the Code of Civil Procedure for lack of notice, that did not bar him from subsequently applying to a court of equity for relief from the effect of that ineffectual judgment. ■ Section 473 is not the sole remedy for relief from a void or erroneous judgment procured by excusable neglect, fraud or mistake. It is merely concurrent with the remedy afforded by equity under proper circumstances. A refusal to grant the relief under section 473 is not even *res judicata* which is conclusive of a subsequent application to a court of equity for the same relief. (*Jeffords* v. *Young,* 98 Cal. App. 400, 407 [277 Pac. 163].) In that case it is said in that regard:

"Finally, it is contended that in an effort to vacate the judgment, having unsuccessfully resorted to the remedy provided by section 473 of the Code of Civil Procedure, the appellants are now barred from applying to equity for the same relief. The remedies for relief from a judgment procured by fraud, mistake or excusable neglect, provided by section 473 of the Code of Civil Procedure, and the ordinary suit in equity are entirely distinct and cumulative. An unsuccessful resort to the first-mentioned remedy does not bar an application to equity for relief. (15 Cal. Jur. 27, sec. 127; *Estudillo* v. *Security L. & T. Co.,* 149 Cal. 556, 561 [87 Pac. 19]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317]; *Herd* v. *Tuohy,* 133 Cal. 55, 63 [65 Pac. 139]; 3 Freeman on Judgments, 5th ed., p. 2488, sec. 1198.) In *Bacon* v. *Bacon,* (150 Cal. 477) *supra,* at page 484 [89 Pac. 317], it is said with respect to these different remedies: 'It (sec. 473, Code Civ. Proc.) is a cumulative remedy, and does not displace the remedy in equity. (*Baker* v. *O'Riordan,* 65 Cal. 368 [4 Pac. 232].) We have recently held not only that it does not displace the equitable remedy, but also that an adverse decision on such a motion does not necessarily bar a subsequent suit to vacate the judgment for the same cause.' To the same effect the author of Freeman on Judgments, *supra,* says: 'The summary disposition of a question upon motion, resulting in a denial of the relief claimed, should not *ipso facto* preclude the party from obtaining the aid of chancery . . . The denial of a motion to open a judgment should not of necessity preclude a court

of equity from subsequently granting relief denied at law. The decision of such motion is not such a *res judicata* as precludes equity from reexamining the question. The opening of a judgment in a court of law is usually *ex gratia*, while restraining the plaintiff from proceeding on the judgment is, in equity, more nearly a matter of right. The facilities for investigating the issues presented in the motion are usually much better in equity than at law, owing to the more summary character of the motion proceedings.'

"We are of the opinion that the complaint in the present action alleges facts sufficient to state a cause of action against the defendants Thomas I. Young, Lillie E. Young and W. H. Lorenz justifying the aid of equity, and that the former application to vacate the judgment in the statutory proceeding does not bar the remedy here sought."

Since the appellant's homestead was recorded prior to the commencement of the original action to foreclose the mortgage, she was a necessary party to that suit to secure an effective foreclosure of plaintiff's mortgage lien, notwithstanding the fact that she did not join her husband in executing the note or mortgage. Her homestead became a cloud on the title, subject to the prior lien of mortgage, which it was necessary and proper to remove so as to authorize a valid sale of the property to satisfy the judgment for the mortgage indebtedness. Indeed, under circumstances similar to those of the present case, quoting with approval from the case of *Brackett* v. *Banegas,* 116 Cal. 278 [48 Pac. 90, 58 Am. St. Rep. 164], it was said in *Ludwig* v. *Murphy,* 143 Cal. 473, 475 [77 Pac. 150], that the former judgment was "absolutely void as to the security". At least the first decree was ineffectual and the plaintiff was entitled to a decree of foreclosure and sale of the property including the homestead which vested thereon · subsequent to the execution and recording of the mortgage, to completely satisfy the lien for the indebtedness. It has been held that under such circumstances the proper procedure is to institute a new action of foreclosure. (*Hurt* v. *Fico Inv. Co.,* 136 Cal. App. 390, 393 [29 Pac. (2d) 310].) That is exactly what was done in the present action. The homestead and subsequent deed from Mr. Torr to his wife were evidently recorded to defeat the prior mortgage lien.

Even when a wife has not joined in the execution of a note and mortgage, her subsequent filing of a homestead on

the mortgaged 'property is subject to execution and forced sale to satisfy a judgment of foreclosure, when the mortgage is executed and recorded before the declaration of homestead was filed for record. (26 Cal. Law Rev. 468; sec. 1241, Civ. Code.) The last mentioned section provides in part:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

. . . . . . . . . . . .

"(4) On debts secured by mortgages on the premises, *executed and recorded* before the declaration of homestead was filed for record."

The plaintiff, who was the purchaser of the property at the foreclosure sale thereof, was entitled to maintain this subsequent foreclosure suit which was filed long before the note and mortgage outlawed to correct the mistake of inadvertently dismissing the original action against Mrs. Torr so as to obtain a valid decree of foreclosure as against her homestead lien. The original decree was not a bar to this action. (*Ludwig* v. *Murphy, supra; Hurt* v. *Pico Inv. Co., supra; Gerig* v. *Loveland,* 130 Cal. 512 [62 Pac. 830] ; *Baker* v. *Superior Court,* 120 Cal. App. 1, 3 [7 Pac. (2d) 193].) In the case last cited it is said:

"For the purposes of this decision we assume that petitioners, as purchasers at the first foreclosure sale, had the right to institute their second foreclosure action for the purpose of correcting the error into which they had fallen by omitting the name of Marjorie McKinsey, a defendant in the first foreclosure action. The decision cited by them, *Norton* v. *Newerf,* 45 Cal. App. 10 [187 Pac. 57], appears to sustain the right of a purchaser at a foreclosure sale to maintain such an action to foreclose the equity of such omitted party whose ownership of the property was acquired subject to the mortgage."

In the Hurt case, *supra,* it is said :

"In such a situation as herein presented the proper remedy is by a new action in foreclosure, although the courts have allowed the original suit to be reinstated upon amended pleadings. (*Norton* v. *Newerf,* 45 Cal. App. 10, 14 [187 Pac. 57].) It follows that there is no merit in appellant's contention that in this action a collateral attack is made upon the decree in action No. 194481."

Under circumstances similar to those of the present case it is said in the Ludwig case, *supra*:

"The mortgage note here sued on became due April 25, 1899. The present action to foreclose the same was begun on September 11, 1902, which was much less than four years after the cause of action accrued. The cause of action, considering the case as an action to foreclose the mortgage, was therefore not barred by the statute of limitations.

"This being true, no question can arise concerning the effect of laches, or as to the sufficiency of any excuses existing therefor. *A party holding a valid mortgage lien has an absolute right to an effectual foreclosure by an action begun at any time within four years from the time his cause of action accrues,* irrespective of, and in the face of, any degree of laches or delay. *The previous attempt to foreclose was, so far as the security was concerned, wholly ineffectual,* and in *Brackett* v. *Banegas,* 116 Cal. 278 [48 Pac. 90, 58 Am. St. Rep. 164], a similar judgment of foreclosure was held absolutely void as to the security. If it was void as to the security, it could not affect the mortgage nor the lien created thereby, and it could not constitute a bar, nor in any wise affect an action to foreclose the same. . . . The additional facts, included therein, disclosing *the previous judgment of foreclosure and the excuses for not making the husband a party to that action,* do not constitute a bar to the present action, nor any defense whatever, but, on the contrary, they show that the former judgment was void, and that therefore it could not affect the present action.

" . . . Whatever may be the effect of the former judgment with respect to the note, it was void as a foreclosure, and . . . it did not operate as a waiver of the mortgage lien nor of the right to foreclose the same."

In the present case the court found that the plaintiff inadvertently dismissed the former action against this appellant without previous knowledge that her homestead had been recorded against the land prior to the commencement of the first action; that the previous suit did not foreclose the plaintiff's mortgage lien, and that this action is not barred thereby. Those findings are supported by the record in this case.

The judgment is affirmed.

Pullen, P. J., concurred.