CHARLES A. BROWN, Appellant, v. FRED DICKEY, Appellee.

No. 39653.

JUNE 24, 1929.

*Burton Russell,* for appellant.

*Allen T. Percy,* for appellee.

EVANS, J.—Prior to January, 1927, the plaintiff brought an action for damages against the defendant in the district court, and such action was pending and at issue at the January term of said court. The cause being reached for trial on January 28, 1927, the plaintiff dismissed the same without prejudice, and judgment was entered against him for costs. On February 19th, he caused to be served upon the defendant an original notice, which purported to be the commencement of another action upon the same cause. Such action purported to be brought for the March term of the court. The notice advised the defendant that the petition was now on file. No ''petition'' was ever ''filed,'' within the usual meaning of these terms. The plaintiff, believing that a new petition was not necessary, caused the clerk to indorse his petition on file in the first action as ''Refiled.'' The plaintiff intended such former petition, so indorsed, to perform the function of a new petition in a new action. The defendant

appeared at the March term and filed his motion for a dismissal of the purported action on the ground that no petition had been filed, pursuant to the original notice served. The district court felt compelled to sustain this motion.

The substance of the appellant's argument is that the method pursued by him fairly answered every legitimate purpose of the litigation, and that it was, therefore, just as legal as the formal methods pointed out by the statute.

In the interest of orderly procedure, some formalities must be laid down by statute as the method of commencing an action. The formalities required of the litigant are set forth in Section 11055, Code of 1927. This section advises the intended litigant just how he may commence an action. The formalities required of the clerk are set forth in Section 10831. This provides the method of establishing the identity of a pending cause of action as distinguished from every other, and requires a docketing and a numbering in the exact order of filing. All filings in a particular case are made referable by number to that case.

The first case brought by the plaintiff was known as No. 10768. That case was complete in its record. The pleadings therein were part of that record, and of none other. Though the judgment therein did not bar a second action, it was, nevertheless, a final judgment. Unless set aside on statutory grounds, nothing could ever be added to that judgment nor subtracted therefrom, nor from the record upon which it rested. The plaintiff had no further power over his petition in that case, nor had the clerk such power, except as a custodian to preserve it as a permanent record. The indorsement made by the clerk upon plaintiff's former petition was, in a legal sense, a mutilation of the record in Case No. 10768. It was legally wrongful, though not criminal, for want of evil intent. Being innocently wrongful, it might properly be ignored, but in no event could it be given legal effect according to its purport.

The plaintiff having failed to file a petition in his second action, in accord with the terms of his original notice, no alternative was left to the court, under Section 11055, other than to dismiss the action. Such was the express requirement of the cited section. The foregoing is, of itself, sufficient to justify the action of the district court, and we need give no attention to other de-

ficiencies, such, for instance, as the failure to file copy, as required by Section 11124.

The evident attempt of the plaintiff was to reinstate his case, rather than to bring a new action. No filing fee was offered, nor did the clerk docket the case, but made the "Refiling" entry on the appearance docket in Case No. 10768. If proper grounds had existed for reinstating the plaintiff's case No. 10768, he was, nevertheless, powerless to reinstate it of his own accord. It could be reinstated only upon order of the court. The plaintiff had a right to commence a second action. In his attempt to do so, he failed to conform to the requirements of Section 11055, and thereby subjected himself to the express penalty therein provided.

The judgment of the district court is—*Affirmed.*

ALBERT, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.