JAMES ELLIS et al., Plaintiffs, v. CITIZENS BANK OF CARLISLE, Defendant.

IOWA-DES MOINES NATIONAL BANK, Appellee, v. G. D. SCHOOLER, Receiver, Appellant.

FARMERS SAVINGS BANK OF CARLISLE, Appellee, v. G. D. SCHOOLER, Receiver, Appellant.

No. 40762.

FEBRUARY 17, 1931.

*Watson & Watson,* for appellant.

*C. H. Doolittle,* for Iowa-Des Moines National Bank, appellee.

*S. E. Prall,* for Farmers Savings Bank of Carlisle, appellee.

DE GRAFF, J.—On the 4th day of April, 1930, a petition entitled James Ellis *et al.* v. Citizens Bank of Carlisle *et al.* was

filed in the district court of Iowa in and for Warren County, praying the appointment of a receiver for the Citizens Bank of Carlisle, on the allegation that the Citizens Bank of Carlisle was involved in financial difficulties and unable to continue business as a private bank. On the 29th day of April, 1930, G. D. Schooler was appointed by the court as receiver of said bank, to liquidate its affairs. He duly qualified, and was acting as such receiver at all times material to the issues here involved.

It will be observed that the Citizens Bank of Carlisle, being a copartnership, operated as a private bank, and consequently the superintendent of banking of the state of Iowa could not, under the statute, assume jurisdiction as the "sole and only receiver or liquidating officer" of the involved bank. Section 9242, Code, 1927.

On the 31st day of May, 1930, there was filed in the cause entitled James Ellis v. Citizens Bank of Carlisle, G. D. Schooler, receiver, a petition or claim for preference by the Iowa-Des Moines National Bank & Trust Company in the sum of $3,170.67, for an unpaid draft issued by the Citizens Bank of Carlisle, drawn on and payable to the said Iowa-Des Moines National Bank, of Des Moines, which draft was dated April 3, 1930. Said draft was issued in payment of clearances.

It is also shown that a claim and petition for preference was filed by the Farmers Savings Bank of Carlisle, as claimant for a draft of the same character, in the sum of $753.09. This was an unpaid draft issued April 3, 1930, by the Citizens Bank of Carlisle, payable to the Farmers Savings Bank of Carlisle, drawn on the Iowa-Des Moines National Bank & Trust Company.

The defense interposed by the receiver included: (1) That the drafts were not issued against actual existing values; (2) that there was no money in the hands of the receiver which constituted the proceeds of said drafts; (3) that the drafts simply created the relation of debtor and creditor between the Citizens Bank of Carlisle and the payee; and (4) that Section 11 of Chapter 30, Acts of the Forty-third General Assembly, does not apply to private banks. These affirmative defenses must be sustained, under the record facts.

As heretofore pointed out, the drafts were given in exchange for various checks and demand items received by the Carlisle

bank. At this time, the Citizens Bank of Carlisle had no money on deposit in the Iowa-Des Moines National Bank, but, on the contrary, had an overdraft of about $3,000. The proof further shows that the Citizens Bank of Carlisle at this time owed the Iowa-Des Moines National Bank for borrowed money, which loan was secured by collateral. This loan, however, constituted a separate transaction.

It is not questioned by either party that the drafts were actually given for bank clearance, immediately before the time of the failure and closing of the Citizens Bank of Carlisle. It is conceded by the appellee claimant banks, under the common law, and under the rule as interpreted and declared by this court, that, prior to Chapter 30, Acts of the Forty-third General Assembly, the appellees would not be entitled to a preference. This court held, in *Danbury State Bank v. Leach,* 201 Iowa 321, that the issuance of a draft in striking a balance between two banks in a clearance transaction merely creates the relationship of debtor and creditor.

The determinative question is: Does Section 11 of Chapter 30, Acts of the Forty-third General Assembly, apply to state banks, and not to private banks? It must be held that the claimant banks were not depositors in the private bank in question, and consequently the claimants were not entitled to preference in payment, as defined by Section 9239, Code, 1927. *In re Assignment of Thomas,* 203 Iowa 174, 1. c. 179. Section 11 of Chapter 30, aforesaid, reads as follows:

"Any draft, or cashiers' check issued and drawn against actual existing values by any bank or trust company prior to its failure or closing and given in payment of clearings and any money paid in the usual course of business to any bank, or trust company for the purchase of a draft for the bona-fide transfer of funds shall be a preferred claim against the assets of the bank or trust company."

It is the claim of the appellee banks that this statutory provision applies to private banks. The material question then is, Does it so apply, and was it the legislative intent, in the enactment of this chapter, to have it apply to private banks? This chapter in the Session Laws is entitled, "Banks and Banking." It clearly appears from the reading of the said chapter

in its entirety that the general assembly had in mind only state banks and trust companies. No one of the 37 sections of Chapter 30 contemplates a private banking institution, in any particular mentioned therein. On the contrary, every section of said chapter refers to state banks, savings banks, and trust companies. Resultantly, the appellee banks in the instant case are not in a position to invoke any of the provisions of Chapter 30 and base their claims for preference, respectively, on a draft which is conceded to be a clearance draft.

It follows, therefore, that the trial court was in error in holding that the drafts in question should be given a preference, and the decree entered must be, and is,—*Reversed.*

STEVENS, ALBERT, MORLING, and WAGNER, JJ., concur.

FAVILLE, C. J., not participating.