SCOTT SHIFFLETT, Receiver, v. BANK OF EARLHAM.

WILLIAM MCQUIE et al., Claimants, Appellants, v. SCOTT SHIFFLETT, Receiver, Appellee.

No. 41690.

FEBRUARY 14, 1933.

Allen T. Percy, for appellee.

S. A. Hays, for appellants.

KINTZINGER, J.—The Bank of Earlham, Earlham, Iowa, was a private bank doing business at Earlham, Iowa. This bank closed its doors on December 30, 1930, when a receiver therefor was appointed by the district court of Madison County, Iowa.

Claimants allege in their petition that one Dayton E. Pryor was indebted to the Peter McQuie estate at Winterset, Iowa; that on December 19, 1930, Pryor deposited to his credit in the Earlham

bank a sum of money exceeding $3,675.00; that said deposit was made for the special purpose of transferring $3,675.00 to S. A. Hays, attorney for the Peter McQuie estate at Winterset, Iowa, to pay an indebtedness due said estate from Pryor; that Pryor drew a check against said deposit and left it with the bank to be forwarded to S. A. Hays; that through some mishap, the bank forwarded the check for said amount to "Peter McQuie Estate, Winterset, Iowa;" that the letter containing this check never reached either the estate of Peter McQuie or S. A. Hays, its attorney, and was returned to the Bank of Earlham; thereafter on December 29, 1930, the check was, by the bank, delivered to Jennie and Maggie McQuie for said estate, and they in turn delivered the check to S. A. Hays, the estate's attorney; that about 3:45 P. M. on December 29, 1930, said Hays presented the Pryor check to the Bank of Earlham for payment, and requested the bank to issue him a draft therefor, as attorney for said estate. The bank thereupon issued to him a draft of $3,675.00 upon the Bankers Trust Company of Des Moines. The next day, on December 30, 1930, the Bank of Earlham closed its doors, and the Bankers Trust Company of Des Moines refused to honor the draft when presented.

Two of the grounds for preference alleged are: (1st) that the sum of $3,675.00 was *deposited* in said Bank of Earlham for the *special purpose* of meeting a check issued against it in favor of S. A. Hays, attorney for the McQuie estate; (2nd) that S. A. Hays purchased a draft from the Earlham Bank with said check for the purpose of transferring said $3,675.00 to the estate of Peter McQuie, and that they were entitled to a preference under Section 11, Chapter 30, of the Acts of the 43rd General Assembly, now known as Section 9239-c1 of the Code of 1931.

Among the issues involved, and relied upon for reversal, as set out in the record, are as follows:

"That the court erred to the prejudice of the claimants in the following particulars, to wit:

"(1)    In finding there was only one issue relied upon, to wit, a special deposit or trust fund. Claimants admit they were not able to prove this issue on account of the absence of a witness, but understood that there were other issues of importance raised by the pleadings and the proof presented and calling for the consideration of the court and upon which the court failed to make a ruling.

"(2)   That the court erred to the prejudice of the claimant by ignoring the fact that the draft was issued by a *private insolvent bank,* of which condition the duly constituted active officers had knowledge, and would not be allowed to deny knowledge of its insolvency."

In addition to the foregoing, appellants also urge a claim for preference based on the purchase of a draft for the transfer of funds under Section 9239-c1 of the Code of 1931.

Under the division of the brief and argument entitled "Argument," claimants also urge the question of fraud in issuing a draft purchased when the bank was insolvent.

The pleadings in this action do not claim a preference on account of a trust relationship created by receiving money for the purchase of the draft while in an insolvent condition, or because of any fraudulent acts of the bank in so doing. Therefore, no issue of fraud is alleged in the pleadings.

I.   In order to establish a trust relationship, it is necessary to both plead and prove the bank's insolvency at the time of receiving the money or check for the draft.   Upon the question of fraud, it is sufficient to refer to the pleadings.   Paragraph 4 of claimant's petition alleges as follows:

"That on December 29, 1930, the said Bank of Earlham, Earlham, Iowa, *was a solvent going concern doing business in the usual way* and had on deposit with the Bankers Trust Company of Des Moines, Iowa, at the time of the issuing of said above described draft, funds in excess thereof more than sufficient to pay said draft."

As to proof of the bank's insolvency, there was no evidence introduced at the trial tending to show the bank was insolvent, except the closing of the bank the next day. There was, therefore, no such issue in this case.

II.   Claimants allege that the deposit for the transfer of funds to the Peter McQuie estate was made for the special purpose of paying said amount to said estate. The evidence fails to establish such claim, but does tend to show that the money deposited was simply a general deposit. The preponderance of the evidence establishes this fact, and the lower court so held. In addition to these facts, the claimants themselves admit it in Error No. 1 relied upon for reversal, which is as follows:

"The court erred to the prejudice of the claimants in the following particulars, to wit:

"1st. In finding there was only one issue relied upon, to wit, a special deposit or trust fund. *Claimants admit they were not able to prove this issue on account of the absence of a witness,* but understood that there were other issues raised by the pleadings, etc." (Italics are ours.)

From the evidence introduced upon this issue at the trial, the lower court held that plaintiff failed to establish a deposit for a special purpose. The only testimony offered by claimants on this issue was the unsatisfactory testimony of one witness. To the contrary was the testimony of the cashier of the bank, who testified positively that the deposit was not made for a special purpose. The cashier was also a witness for claimants.

In view of the admission made by the claimants here set out, we deem it unnecessary to set out the testimony of the witnesses or discuss the same further. It is our finding from a review of the evidence that claimants failed to establish a special deposit.

■■■ III. Although claimants allege a right to a preference under Section 9239-c1 of the Code of 1931, because of the purchase of a draft, this claim is not urged in the "Errors relied upon for reversal." All that is said about this issue is the following paragraph appearing in their brief and argument under the heading "Points and Authorities:"

"The appellee rests his case wholly upon our line of decisions that, where one buys a draft from a bank in the ordinary course of business, and the issuing bank fails before it is presented to the drawee bank for payment, the purchaser of the draft is not a depositor in the bank and is only a general claimant. * * * However, (1) all of the cases cited are against *incorporate banks,* and are governed by statute as to the payment of creditors. Such statute does not apply in a case like the present, where the bank involved is a private bank."

It is conceded by the pleadings and the proof that the Bank of Earlham was a private bank at the time the draft in question was purchased.

This issue is raised in claimants' petition. Under previous rulings of this court, however, we held that Section 9239-c1 of the

Code of 1931 does not apply to drafts issued by *private banks*. See Ellis v. Citizens Bank of Carlisle, 211 Iowa 1082. In that case we said:

"It is the claim of the appellee banks that this statutory provision applies to private banks. The material question then is, Does it so apply, and was it the legislative intent, in the enactment of this chapter, to have it apply to private banks? This chapter in the Session Laws is entitled, 'Banks and Banking.' It clearly appears from the reading of the said chapter in its entirety that the general assembly had in mind only state banks and trust companies. No one of the 37 sections of Chapter 30 contemplates a private banking institution, in any particular mentioned therein. On the contrary, every section of said chapter refers to state banks, savings banks, and trust companies. Resultantly, the appellee banks in the instant case are not in a position to invoke any of the provisions of Chapter 30 and base their claims for preference, respectively, on a draft which is conceded to be a clearance draft."

For these reasons, we believe the ruling of the lower court confirming the report of the receiver in allowing claim as a general claim is correct, and should be upheld. The judgment is hereby affirmed.—Affirmed.

KINDIG, C. J., and STEVENS, MITCHELL, and ANDERSON, JJ., concur.