Miles Galvin et al., v. Citizens Bank of Pleasantville et al., Receiver, Appellee; Chicago, Burlington & Quincy Railroad Company, Intervener, Appellant.

No. 42105.

October 24, 1933.

Rehearing Denied January 12, 1934.

J. C. Pryor and Johnson & Teter, for appellant.

Vander Ploeg & Heer, for appellee.

Donegan, J.—The Citizens Bank of Pleasantville, Iowa, was a private bank owned and operated by a copartnership. Some time shortly after the 11th day of August, 1930, the defendant H. H.

Browne was appointed receiver of said bank in an action brought against said bank by Miles Galvin et al., as plaintiffs. On August 11, 1930, the Chicago, Burlington & Quincy Railroad Company purchased from the Citizens Bank of Pleasantville a draft for $4,675 upon the Iowa National Bank of Des Moines, Iowa, and paid therefor by a check drawn on the Citizens National Bank of Knoxville, Iowa, for $4,616.26, and the balance in cash. The check drawn by said railroad company upon the Citizens National Bank of Knoxville was cashed by the Citizens Bank of Pleasantville, so that there is no question involved concerning the payment for the draft which was purchased. With the closing of its doors on the 11th day of August, 1930, the Citizens Bank ceased to do business, and did not thereafter reopen as a going institution. The railroad company presented the draft for $4,675 purchased by it to the Iowa National Bank of Des Moines for payment on the 12th day of August, 1930. At that time the said Citizens Bank of Pleasantville had on deposit in the Iowa National Bank the sum of $5,721.57, and the total amount of outstanding drafts drawn by the Citizens Bank of Pleasantville on said Iowa National Bank, including the draft issued to said railroad company, was $5,718.21. The amount on deposit in said Iowa National Bank was, therefore, more than sufficient to meet all drafts which had been drawn against it by the Citizens Bank of Pleasantville. Instead of paying the drafts drawn by the Citizens Bank of Pleasantville, the Iowa National Bank applied the amount which the Citizens Bank of Pleasantville had to its credit upon an indebtedness owing by said bank to said Iowa National Bank, and refused payment on the drafts.

Following the appointment of the receiver herein, the railroad company filed its claim against the Citizens Bank of Pleasantville and the receiver in this case, and, after stating facts substantially as above set forth, alleged that said draft was drawn against an actual existing value prior to the failure of said Citizens Bank of Pleasantville, that it was given for money paid in the usual course of business for the purchase of said draft and for the bona fide transfer of funds, and that, under and by virtue of chapter 30 of the Acts of the 43d General Assembly, the said railroad company should have and has a preferred claim against the assets of the Citizens Bank. Thereafter, the railroad company filed a petition of intervention containing substantially the same allegations and in which it prayed that an order be entered establishing its claim to

preference in the payment of its said draft in the amount of $4,675 and interest from the assets of said Citizens Bank of Pleasantville in the hands of the receiver. The matter came on for hearing on the 7th day of October, 1932, and was submitted to the court upon an agreed statement of facts, and was taken under advisement by the court. On the 22d day of December, 1932, the court entered an order in which it found that it was bound by the decision of the Supreme Court in Ellis v. Citizens Bank of Carlisle, 211 Iowa 1082, 234 N. W. 849; that the intervener was not entitled to have its claim established as a preferred claim against the receiver of the Citizens Bank of Pleasantville; and ordered and decreed that the intervener's claim be denied as a preferred claim, and that the act of the receiver in allowing said claim as a general claim be confirmed. From said order the railroad company, as intervener, appeals.

Appellant sets out and argues two propositions as grounds for reversal. The first of said propositions is as follows:

"1. The court erred in holding, after finding the facts as claimed by intervener, that it was bound by the decision of this court in Ellis v. Citizens Bank of Carlisle, 211 Iowa 1082, 234 N. W. 849, because (1) the statements of this court in the case cited were by way of dictum; (2) if not dictum, it would be of no effect because it would be contrary to the clearly expressed will and intention of the legislative branch of the government, acting under constitutional authority, in the enactment of section 11, chapter 30, 43rd General Assembly (Code, section 9239-c1)."

Appellant alleges that the decision of this court in Ellis v. Citizens Bank of Carlisle, 211 Iowa 1082, 234 N. W. 849, was not binding upon the trial court because the statements of this court in that case were by way of dictum. The portion of the opinion in said case which appellant claims as dictum is that in which this court held that the provisions of section 11, chapter 30, of the Acts of the 43d General Assembly, did not apply to a private banking institution. In the Carlisle case a preference was claimed and allowed against the receiver, and the receiver appealed. The defenses urged by the receiver, both in the trial court and in this court, against the allowance of the preference, were: First, that the drafts were not issued against existing values; second, that there was no money in the hands of the receiver which constituted the

proceeds of said drafts; third, that the drafts simply created the relation of debtor and creditor between the Citizens Bank of Carlisle and the payee; and fourth, that section 11, chapter 30, of the Acts of the 43d General Assembly, does not apply to private banks.

Section 11, chapter 30, of the Acts of the 43d General Assembly, upon which the appellant relies in this case, is as follows:

"Any draft, or cashiers' check issued and drawn against actual existing values by any bank or trust company prior to its failure or closing and given in payment of clearings and any money paid in the usual course of business to any bank, or trust company for the purchase of a draft for the bona fide transfer of funds shall be a preferred claim against the assets of the bank or trust company."

In the opinion in the Carlisle case, this court found that at the time the drafts were issued by the Carlisle Bank it had no money on deposit in the Iowa-Des Moines National Bank upon which the drafts were drawn, but, on the contrary, had an overdraft. As we understand the argument of appellant in this case, it is that the above finding of this court in the Carlisle case was decisive of that case, because it established that there was no actual existing value against which the drafts were drawn; and that, having decided the case on that proposition, the further statements in the opinion to the effect that section 11, chapter 30, aforesaid, did not apply to private banks were mere dicta. In that case, however, one of the defenses made by the receiver and relied upon by him in this court was explicitly stated to be that section 11, chapter 30, of the Acts of the 43d General Assembly, does not apply to private banks. In considering that defense we said:

"It is the claim of the appellee banks that this statutory provision applies to private banks. The material question then is, Does it so apply, and was it the legislative intent in the enactment of this chapter to have it apply to private banks? This chapter in the Session Laws is entitled 'Banks and Banking.' It clearly appears from the reading of the said chapter in its entirety that the General Assembly had in mind only state banks and trust companies. No one of the 37 sections of chapter 30 contemplates a private banking institution in any particular mentioned therein. On the contrary, every section of said chapter refers to state banks, savings banks, and trust companies. Resultantly, the appellee banks in the instant case are not in a position to invoke any of the provisions

of chapter 30, and base their claims for preference, respectively on a draft which is conceded to be a clearance draft."

We do not agree with the appellant that, because an appeal to this court may present two or more propositions, any one of which would be decisive of the case, a decision of one of such propositions makes the statements of the court in reference to the other propositions mere dicta. As stated in Perfection T. & R. Co. v. Kellogg-Mackay, 194 Iowa 523, reading at page 530, 187 N. W. 32:

"The binding force of a decision is coextensive with the facts upon which it is founded, and if correlated subject-matter is under discussion and decided, such decision is not mere obiter dictum. It is at least a judicial dictum. Chase v. American Cartage Co., 176 Wis. 235, 186 N. W. 598. If a question fairly arises in the course of a trial and there is a distinct decision on that question, the ruling of the court in respect thereto cannot strictly be called a mere dictum. Union Pac. R. Co. v. Mason City & Ft. D. R. Co., 199 U. S. 160, 26 S. Ct. 19, 50 L. Ed. 134."

See also, State v. Brookhart, 113 Iowa 250, 84 N. W. 1064; Waddell v. Board of Directors, 190 Iowa 400, 175 N. W. 65.

In our opinion, the question as to the applicability of the statute in question to private banks was fairly before the court in the Carlisle case, and the language used by the court was not dictum, but was a decision of this court on a question squarely presented to the court for its determination.

It is further urged that, even if not dictum, the holding in the Carlisle case that section 11, chapter 30, aforesaid, does not apply to private banks is erroneous, because by its very terms the statute applies to "any bank or trust company," and must, therefore, necessarily include private banks, as well as state banks, savings banks, and trust companies. In the opinion in the Carlisle case it was specifically stated that no one of the 37 sections of chapter 30 contemplated private banking institutions, and that every section of said chapter refers to state banks, savings banks, and trust companies. We may say that we have extended our examination of the banking laws of our state back of the act in question, and that, from the history of such legislation, we are satisfied that all of it has reference to such savings banks, state banks, and trust companies only as are organized and operated under specific statutory pro-

visions. We find no statutory provisions for the organization or operation of private banks, and we find nothing to indicate that section 11 or any other provision of chapter 30 of the Acts of the 43d General Assembly was intended to refer to private banks. The holding in the Carlisle case to the effect that section 11, chapter 30 aforesaid, does not apply to private banks was quoted with approval in Shifflett v. Bank of Earlham, 215 Iowa 823, 246 N. W. 757. We see no reason why that holding should now be held erroneous and set aside.

■ II. In connection with the second proposition set out by appellant, in which it is contended that the findings of the court were in violation of Article III, section 1, of the State Constitution, it is argued that the meaning of section 11, chapter 30, aforesaid, was so clear and its application to private banks so apparent that this court, in deciding otherwise, was giving to the language of said act a meaning which was not intended by the legislature, and was thereby guilty of usurping the functions of the legislature in violation of the State Constitution. From what has already been said, it is apparent that, to the members of this court at least, the language of the statute does not show the legislative intention to make it applicable to private banks as clearly as the appellant contends. In our opinion, there was no intention on the part of the legislature to make this statute applicable to private banks, and, in holding that it does not apply to such banks, we are not violating the Constitution and assuming the functions of the legislature, but are simply carrying out the legislative intent.

For the reasons given, the decree of the trial court is affirmed. —Affirmed.

ALBERT, C. J., and KINDIG, EVANS, and CLAUSSEN, JJ., concur.