LINCOLN JOINT STOCK LAND BANK OF LINCOLN, NEBRASKA, Appellant, v. GLEN RYDBERG et ux., Appellees.

No. 46528.

1144

Nichols & Nichols, of Sidney, for appellant.

Henry Read, of Shenandoah, for appellees.

SMITH, J.— The original foreclosure suit went to decree on April 18, 1941. The "supplemental petition and amendment to original petition" was filed April 12, 1943. It alleged that execution had issued, that the premises had been sold thereunder to plaintiff and that sheriff's deed had issued to plaintiff pursuant thereto. It further alleged that in the original petition the plaintiff did not include as defendants certain named persons (including appellees Glen Rydberg and Virginia Rydberg) claiming some right, title, and interest in the premises, and made said persons defendants and asked decree against them. Appellees were served with original notice for the June 1943 term of court. Pursuant thereto they appeared and filed motion to dismiss on the ground that the original suit had gone to decree and final judgment and was completed and finished for all purposes; and that the supplemental petition was "an independent action to quiet title and not an action to foreclose a mortgage as was the original petition * * * and a quieting title action may not be joined with this statutory action to foreclose a mortgage."

The trial court sustained the motion on the ground that the

original suit had been finally disposed of and the court had lost jurisdiction and the case could not be revived. The appeal is from that ruling.

Appellees contend that the only relief available to appellant was by an independent suit to quiet title. Appellant concedes that form of remedy is proper but says it is not exclusive. This is the only question on the appeal.

I. The case is ruled by our decision in Johnson v. Leese, 223 Iowa 480, 483, 273 N. W. 111, 112. We see no escape from that conclusion. In that case the original plaintiff, some years after obtaining his decree and after having bid in the property at sale and received his sheriff's deed, sold and conveyed the land to another.

The purchaser filed an amendment to the original petition asking that he be substituted as plaintiff, that the case be re-opened to bring in new parties defendant who had been inadvertently omitted originally, and that he have decree of foreclosure as against them and that their redemption rights be determined. He also at the same time brought a separate suit to quiet title against the omitted parties. The cases were consolidated for trial.

In affirming the decision of the district court in favor of the substituted plaintiff, we said:

"*The first question that naturally arises is the right to re-open the case* 12096 [the original foreclosure suit] *and make Lamoreux and Maher & Meloy parties in order to cut off their rights of redemption, if any. The lower court held that the right existed, and in so doing, necessarily overruled the objections thereto made by the parties claiming under the Lamoreux interest. In this the district court was correct.*" (Italics supplied.)

II. Appellees in the instant case contend this language is dictum and that the district court in fact dismissed the attempt to reinstate the foreclosure and quieted the plaintiff's title in the other case.

But whatever may have been the view of the trial court, the opinion of this court shows a clear intention to decide the case under the procedure of reopening the original suit for that purpose. The fact that after the omitted parties defendant were

brought in they were found to have lost their right of redemption because of the statute of limitations, or the fact that the rights of the parties *might* have been adjudicated under the procedure of quieting title in the other suit, does not render the quoted language dictum. Galvin v. Citizens Bank, 217 Iowa 494, 250 N. W. 729; 21 C. J. S., Courts, section 190b. We would be reluctant indeed to overrule, even by indirection, a case which approves procedure upon which doubtless property rights have already been adjudicated and upon which litigants and lawyers have had every reason to rely.

III. We can see no fundamental objection to the reopening of an original foreclosure for the purpose of bringing in omitted parties with possible rights of redemption. If it be contended they never had such rights, or that, having had them they have ceased to exist, it is true a suit to quiet title will lie; and such proceeding being in equity, the court can treat it as a foreclosure in case rights of redemption are found still to exist, and decree can be moulded accordingly. See Equitable Life Assurance Society v. Asmus, 230 Iowa 1062, 300 N. W. 318; Nelson v. First Nat. Bk., 199 Iowa 804, 202 N. W. 847; Equitable Life Ins. Co. v. Condon, 233 Iowa 567, 10 N. W. 2d 78.

But such procedure is not exclusive. Aside from our own case (Johnson v. Leese, supra), there is other authority. In Norton v. Newerf, 45 Cal. App. 10, 14, 187 P. 57, 59, in an analogous situation, the right to proceed in the original suit was upheld, the court quoting from Jones on Mortgages, as follows:

" 'Although a new action is the proper remedy for a foreclosure improper [imperfect] through failure to make all persons interested in the equity of redemption parties to the suit, the courts have allowed the original suit to be reinstated upon an amended petition, even after an interval of several years.' (Jones on Mortgages, sec. 1679; Brackett v. Banegas, 116 Cal. 278 [58 Am. St. Rep. 164, 48 Pac. 90]; Ludwig v. Murphy, 143 Cal. 473, [77 Pac. 150]; Gerig v. Loveland, 130 Cal. 512, [62 Pac. 830].)"

And in 42 C. J., Mortgages, section 1783, it is said:

"Where plaintiff in foreclosure proceedings omitted to join as a party a person having an interest in the mortgaged prem-

ises, by reason of a mistake or an ignorance of the existence of such person's interest, he may bring a supplemental suit of foreclosure against such person * * *."

In the case of Investment Securities Co. v. Adams, 37 Wash. 211, 79 P. 625, plaintiff, mortgagee and purchaser of the premises at the foreclosure sale, was permitted five years later to reopen the case and bring in new parties defendant whose existence had been unknown to plaintiff when the original foreclosure proceedings were had. No question of the propriety of that mode of procedure seems to have been entertained.

We have been cited to no case holding improper the method adopted by appellant here and a diligent search on our own part has revealed none. Doubtless a trial court has considerable discretion in the matter of permitting amendments after trial. But even if the pleading in question here be viewed as an ordinary amendment, we think there was an abuse of discretion in dismissing it.

IV. Appellees contend, and the trial court held, that the court completely lost jurisdiction when the original foreclosure was finished. Brown v. Dickey, 208 Iowa 410, 226 N. W. 65, and First Nat. Bk. v. Board of Supervisors, 221 Iowa 348, 264 N. W. 281, 106 A. L. R. 566, are cited.

These cases are not controlling here. In each, the original action had been dismissed, in the first by plaintiff himself, and in the second by the court upon its ruling adverse to plaintiff upon a plea in abatement. We find no analogy between them and the instant case. There is proposed here no interference with the original adjudication between the original parties. The sole purpose is to complete what was in effect an incomplete foreclosure in that certain interested parties were not joined and their rights adjudicated.

The conclusiveness of the original decree is not questioned. It is sought rather to bring additional parties within its embrace. Whether this be done by reopening the original case or by the commencement of an independent action is a point of procedure that in no wise involves substantive rights or jurisdiction of subject matter.

It is not a new action but merely a continuation of the original suit against additional defendants. The proceedings

are quasi in rem and no doubt of the court's jurisdiction of the subject matter is suggested. No question of jurisdiction of the persons is involved, for appellees are in court as fully as if served with an original notice in a new and independent suit.

The case must be distinguished from those in which vacation or modification of a decree between original parties is sought after it has become final and binding. Such cases are controlled by considerations not present here.

For the reasons stated, the decision of the district court must be reversed and the case remanded for such further proceedings as may be proper for disposition upon its merits.— Reversed and remanded.

OLIVER, HALE, BLISS, MILLER, GARFIELD, WENNERSTRUM, and MULRONEY, JJ., concur.

MANTZ, C. J., takes no part.